## MOORE *v.* MURRELL.

### Opinion delivered June 18, 1892.

*Attorney—Authority as to collection of notes.*

> Where an attorney receives notes, which he afterwards reduces to judgment, with directions " to do with them the best that he can," the meaning of the direction is a question for the jury under all the circumstances of the case, and an instruction that the attorney was authorized to accept articles of property as satisfaction is erroneous.

Appeal from Lonoke Circuit Court.

JOSEPH W. MARTIN, Judge.

W. R. Moore sued George P. Murrell, a nursery-man, upon a judgment upon certain notes for a sum aggregating $1788.71, obtained against him in 1878. The defendant answered that in 1879 he turned over to plaintiff's lawyer fruit trees worth $2100 in full settlement of the judgment. The defendant testified that in 1879 he was insolvent, and that he received letters from S. Brundidge, Jr., plaintiff's attorney, ordering fruit trees in settlement of the judgment obtained against him ; that he shipped them in good condition, and that they were worth $2100 ; that he never heard from Brundidge, although he wrote to him twice about the matter ; that he also wrote to plaintiff, who lived at Memphis, Tenn., but got no response.

Brundidge testified as follows :

"Something over ten years ago, while I was reading law, and before I was admitted to practice, the claim of W. R. Moore against G. P. Murrell was placed in my hands for collection by some traveling agent, I think, of W. R. Moore—at least it was some traveling man—with instructions to take it and do the best I could with it, as it was regarded as a bad claim. I instituted suit in the Lonoke circuit court on the Murrell claim, and, not having license to practice, Mr. Coody's name was signed to the complaint as attorney. Afterwards, when I had been licensed to practice and had removed to Jacksonport, learning that Murrell was insolvent, I corresponded with him with a view of adjusting the claim, carrying out my instructions to do the best I could with it. Mr. Murrell wrote me that he was in the fruit tree business, and was unable to pay any money on the claim, but would ship me about four hundred dollars worth of fruit trees. This letter from Murrell has been lost or destroyed. Upon inquiry I learned that a good lot of fruit trees could be disposed of in Jackson county, and I got Mr. I. T. Davis to act as agent for me in disposing of the trees at Newport. Davis made out the order, which I signed, and which is here shown to me. Murrell was instructed by letter to ship trees to Newport, and my name was signed to the letter by Davis. I wrote Murrell, giving him particular instructions how to ship the trees. Davis reported to me that the trees came in bad condition and not enough was realized to pay the freight. I never received anything from Murrell for Moore except those trees. I never had any correspondence with Moore about this claim at any time whatever, and I did not know whether the claim was a note or an account. I do not know who placed the claim in my hand; my best recollection is that it was some traveling agent of W. R. Moore. I think this was some time in 1878, and I do not

know where the party resided. I was not licensed at the time, but I suppose the party thought I would be soon. I don't recollect whether the party advanced any costs or not, but I don't think any costs were ever paid. I think I wrote the complaint and got Mr. Coody to sign it. I do not know how long I had the claim in my possession before I brought suit. My best recollection is that the party authorized me to take judgment, but the only positive instructions I received was to do the best I could. I never saw Murrell about the matter, but my recollection is that I wrote him before suing. I don't think it is possible for me to be mistaken either as to the time when I received the claim, or as to the party from whom I received it. I never had a line in writing from the party from whom I got the claim, either before or after the judgment was taken. I never wrote to W. R. Moore in my life, and never received a letter from him."

The plaintiff testified that he never employed Brundidge, and never authorized him to compromise the judgment; that, about the time this judgment was recovered, plaintiff had a traveling man in Arkansas who had general authority to transact his business, but not to compromise this judgment, nor to authorize any one else to do so.

The court charged the jury in the following language : "A general agent who has the full management and control of his principal's business may appoint other agents and clothe them with such authority as the principal could do." Also that "an agent with the authority to settle a claim according to his own best judgment may make such settlement as he sees fit, and if done honestly and in good faith, the principal would be bound."

Verdict was for defendant. Plaintiff has appealed.

*T. C. Trimble* and *J. H. Harrod* for appellant.

Unless Brundidge was the *duly authorized agent* of

Moore, there was no evidence whatever to support the verdict, and the instructions were abstract. And there is absolutely no evidence on this point. Until Brundidge's agency was established, it was error to instruct the jury as to the power and authority of a general agent, or as to the effect of a settlement made by such an agent.

*S. W. Williams* and *Blackwood & Williams* for appellee.

1. When a claim is found in the hands of an attorney, the presumption is that it is rightfully there. 4 Wash. C. C. 511; 58 Tex. 708; 75 Mo. 441.

2. The court's charge as to the power of a general agent to appoint other agents, and that "an agent with the authority to settle a claim according to his own best judgment, may make such settlement as he sees fit, and if done honestly and in good faith, the principal would be bound," was correct. Mechem on Agency, secs. 195-6, 519; Story on Agency, sec. 21; 1 Am & E. Enc. Law, p. 350, and cases in note 2. The presumption is that an agent acts within the scope of his authority. 25 Ark. 219.

HEMINGWAY, J. Can it be said, as matter of law, that when an attorney receives notes, which he afterwards reduces to judgment, with directions "to do with them the best that he can," he is authorized to accept as satisfaction articles of property? The court below charged, in effect, that the law should be so held; and if this was erroneous, the judgment must be reversed.

An attorney is authorized by ordinary employment to prosecute a claim to judgment and satisfaction, but he can take in satisfaction nothing but money, and of it no less than the amount due. If the authority exists in the case stated, it is not because it is among the usual powers of an attorney, but because it was specially conferred in the particular case by the directions given.

What does the direction "do the best you can" with a
claim mean? Does it confer the general authority to dis-
pose of the claim as the attorney thinks proper? Or is
it an injunction to vigilance and activity in discharging
the ordinary duty of an attorney? Or is its meaning
variable, depending upon circumstances and the connec-
tion in which it is found? The last seems to us all the
correct view of the matter. If a doubt is expressed as
to the possibility of making a collection, and the response
is, "do the best you can," it could hardly be taken to
intend more than to enjoin an effort to collect, notwith-
standing the poor prospect of success; if, in connection
with such doubt, an intention is expressed that property
might be obtained in settlement, it might well be intended
to authorize such settlement. The direction, standing
alone, would not usually disclose the full intention of the
client, and to discover such intention resort to the cir-
cumstances and connection would be necessary. If the
language used, when read in such connection, can be
fairly said to show an intention on part of the client to
confer such authority, it should be said to exist; but
unless such intention be thus fairly deducible, the author-
ity should be denied. The direction, standing alone,
means no more than to enjoin an active effort to collect
in the ordinary line of an attorney's duty. What it
meant in this case is a question of fact for a jury, to be
determined as we have indicated; and not a question of
law for the court. We conclude that the court erred in
its charge upon this point.

Objection is made to another part of the court's
charge; but we are of opinion that while it may not be
an accurate statement of the law, it is substantially cor-
rect in this case. We think that the charge was not
abstract, but applicable to the case as made by the evi-
dence.

Whether the attorney was employed by an agent of the plaintiff, and whether the plaintiff received a letter from defendant, notifying him of the settlement with the attorney, which called for an answer, are questions of fact for a jury; and it is only proper for us to say that there was sufficient evidence as to each point to warrant an instruction applicable to it.

For the error indicated the judgment will be reversed, and the cause remanded.