CULLIN-McCURDY CONSTRUCTION COMPANY *v.* VULCAN IRON WORKS.

Opinion delivered January 24, 1910.

1. SALES—RESERVATION OF TITLE—EFFECT.—Under a contract reserving title to a chattel until paid for, no title passes until the conditions of the contract are performed; and a subsequent purchaser, even for value and without notice of the reservation, can acquire no greater rights than the conditional vendee had under the contract. (Page 345.)

2. ATTORNEY AND CLIENT—AUTHORITY TO COMPROMISE.—It is not within the implied authority of an attorney to compromise his client's cause of action, or to release defendant from liability, or to shift that liability by accepting the liability of another for that of the defendant. (Page 345.)

Appeal from White Circuit Court; *Hance N. Hutton,* Judge; affirmed.

*Rachels & Johnston* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1. Even though appellees retained title to the shovel, yet, unless they were entitled to the immediate possession of it at the time suit was brought in replevin, they cannot recover. 11 Ark. 249; *Id.* 475; 17 Ark. 449; 16 Ark. 90; 37 Ark. 64. And the burden was upon them to establish their right to such immediate possession. 42 Ark. 313.

2. The contract between J. H. Whalen and appellant was erroneously excluded, the same being material as showing appellant's right to possession of the property under him.

3. If attorneys for appellees made a stipulation with reference to the use of the shovel, it was binding upon appellees, proof thereof was admissible, and it was error to exclude it. 3 Am. & Eng. Enc. of L. 374; 11 Fed. Cases. 147; 20 Me. 83; 24 Me. 250; 115 Mass. 37.

*S. Brundidge,* and *H. Neelly* for appellee.

1. The complaint states that appellee is the owner and entitled to the immediate possession of the property in controversy. This allegation is not denied in the answer. The question was therefore not in issue, as no proof on that point was required of plaintiff. 73 Ark. 589. The evidence, nevertheless, fully sustains appellee's right to immediate possession.

2. The contention that proof of the contract between Whalen and appellant was admissible is based upon the theory that appellee was not entitled to immediate possession. Such theory is not tenable, unless appellee knew of, and acquiesced in, the contract between Whalen and appellant.

3. There is no allegation in the answer that the attorney for appellee made a contract with reference to the use of the shovel; but if he had done so it would not have bound appellee unless it had specially authorized him to make the contract. 33 Pac. 660, 663; 21 N. W. 441; 69 Ala. 543.

McCULLOCH, C. J. This is an action instituted by the Vulcan Iron Works, of Toledo, Ohio, against appellant, Cullin-McCurdy Construction Company, to recover possession of a steam shovel and damages for its detention. In the construction of the Missouri & North Arkansas Railroad through this State, Burke & Joseph were contractors, and appellant was a subcontractor under them. J. H. Whalen was a subcontractor under appellant, and procured the steam shovel from appellee to use in removing dirt and rock in the construction of the railroad.

The contract between appellee and Whalen concerning the steam shovel was in the form of a lease, dated May 4, 1907, and stipulated that appellee leased the shovel to Whalen for a term of three months from the date of delivery for the sum of $6,000, of which $2,000 was paid in cash and the balance was payable in three monthly installments; and that, on payment of the additional sum of $10 within ten days after the expiration of the lease and all bills for repairs and extra parts ordered, appellee would

convey to him the absolute title to the shovel. The effect of the contract was a lease of the shovel by appellee to Whalen on condition that the latter pay the amounts named within a specified time. Under this contract, no title could pass to Whalen before the performance by him of the specified conditions. The contract between Whalen and appellant provided that, in the event the former should fail to complete the work which he contracted to do, then appellant could use the shovel in completing the work.

Whalen failed to make the payments stipulated in his contract with appellee for the shovel, and failed to fully perform his contract with appellant, and on October 15, 1907, appellee instituted this action against appellant to recover the shovel, which was then in appellant's possession. An order of delivery was issued at the commencement of the action and served on appellant, and the latter elected to retain possession, and gave bond in accordance with the statute to perform the judgment of the court in the action.

Appellant filed its answer, stating that it laid no claim to the shovel except the right to use the same under its contract with Whalen, and that it had taken possession by replevin against Whalen for the purpose of completing the work specified in the Whalen contract; that since it took possession from Whalen the principal contractors, Burke & Joseph, "took absolute control by force of said steam shovel, and have ever since continuously used and operated same independently and against the will and wishes of the defendant." It is further alleged in the answer that, since appellant took possession of the shovel, a contract had been entered into between appellee and Burke & Joseph by which the latter were to become responsible for the rental value of the shovel. There was a trial before a jury, and a verdict was returned in favor of appellee for the recovery of the shovel and $1,650 damages, which was divided in the verdict as $400 for damages to the shovel and $1,250 rental value during detention. Judgment was rendered accordingly, and an appeal was taken to this court.

The evidence adduced by appellee was sufficient to establish injury to the shovel to the extent of one thousand dollars, and that the rental value was $15 per day. So the amount of the verdict was not excessive.

The evidence was sufficient to establish the allegations that Whalen had failed to perform the terms of the lease contract with appellee and forfeited his right to possession of the shovel, and that appellee was entitled to possession. The reservation of title in the form of a lease contract was valid, and no title passed to the vendee until the conditions of the contract were performed. A subsequent purchaser, even for value and without notice of the reservation, could acquire no greater rights than the conditional vendee had under the contract. *Triplett* v. *Mansur-Tebbetts Imp. Co.*, 68 Ark. 230, and cases cited.

The ruling of the court in refusing to allow appellant to introduce in evidence its contract with Whalen for the use of the shovel was not prejudicial, as the jury found upon sufficient evidence that Whalen had forfeited his right to possession under his contract with appellee.

Error of the court is assigned in the exclusion of testimony offered by appellant to the effect that one of appellee's attorneys in the case, Mr. Denman, of Toledo, Ohio, had entered into an agreement with appellant for the return of the shovel as soon as it completed its work, and had employed a man to take charge of the shovel as soon as it was through with it. The offered testimony was not directed to the issues involved in the case, and for that reason was properly excluded. The only issue, aside from the question of Whalen's forfeiture by failing to perform the conditions of the contract, was upon the allegation of appellant's answer that appellee had entered into a contract with Burke & Joseph for the latter to become liable for the rental value of the shovel after the commencement of the suit. No testimony was directed to this issue, and certainly it cannot be said that the excluded testimony tended to sustain the allegation. There was no testimony offered to show that Denman had any authority to act for appellee, further than to prosecute the suit as an attorney, and it was not within the scope of his authority as attorney to compromise with appellant, or to release the latter from liability, or to shift that liability by making a new contract with another to assume it. *Pickett* v. *Merchants Nat. Bank of Memphis*, 32 Ark. 346; *Moore* v. *Murrell*, 56 Ark. 375.

No error is found in the record, and the judgment is affirmed.