SKINNER *v.* STONE.

Opinion delivered June 7, 1920.

1. FRAUDS, STATUTE OF—SUFFICIENCY OF DESCRIPTION OF LAND.—
Where the owner of 120 acres of land in a certain county, in
reply to an inquiry as to his price on a described 80-acre tract
in such county, wrote offering to sell his 120 acres in the county
for a sum named, and it was shown that he owned only one 40-
acre tract in addition to the eighty acres described, the offer
sufficiently described the land to comply with the statute.

2. VENDOR AND PURCHASER—CHARACTER OF CONVEYANCE.—Where a
party agrees to convey land without specifying the kind of con-
veyance, it will be implied that a conveyance in fee simple with
covenants of general warranty was intended.

3. SPECIFIC PERFORMANCE — PRIOR EASEMENT.—The existence of a
railroad right-of-way over land agreed to be sold, which was
known to both parties, though not mentioned in the contract,
will not interfere with the performance of the contract, as it
will be presumed that the purchaser proposed to purchase sub-
ject to it, and the vendor had a right to exempt the easement if
he thought it essential to do so.

4. SPECIFIC PERFORMANCE — ACCEPTANCE OF OFFER.—Where a pur-
chaser by letter accepted a vendor's offer to sell the land for
cash, a request in the same letter that the vendor execute the
deed and forward it to a designated bank for delivery on pay-
ment of the price did not impose a condition of acceptance, but
was merely a suggestion as to the method of performance.

5. SPECIFIC PERFORMANCE—METHOD OF PAYMENT.—Where a contract
for the sale of land does not specify the mode of payment, the
vendor is entitled to demand payment in money, but, since pay-
ments are usually made by check or draft, the vendor can not
avoid specific performance on the ground that the purchaser did
not tender payment in money, without giving the purchaser a
chance to pay in money, if that condition was to be imposed.

Appeal from Clark Chancery Court; *James D.
Shaver*, Chancellor; affirmed.

*J. E. Callaway*, for appellant.

It is apparent from the testimony that the minds of
the parties never met and that there was in reality no
contract. 85 Ark. 4. The contract was not in writing and
within the statute of frauds. *Ib.* In no event was ap-
pellee entitled to specific performance, as the terms of

the contract are not established with exactness nor the clear intent of the parties. 36 Cyc. 589; Pomeroy on Spec. Perf., par. 159. It is a matter of discretion and not of right. 2 Parsons on Cont. (3 ed.), p. 510. The letters showed that appellant did not understand the meaning of appellee as to the price and terms of payment. 34 Iowa 218-21; 132 Mass. 129; 48 Am. Rep. 516. It was error to grant specific performance.

*John H. Crawford* and *Dwight H. Crawford,* for appellee.

1. The contract here satisfies the statute of frauds, and there was a binding contract. 85 Ark. 1-4; 34 Ia. 218. This was an Arkansas contract and our decisions govern. The minds of the parties met. 114 Ark. 415; 47 *Id.* 519; 105 Ark. 518-522.

2. The contract was in writing and the statute of frauds was not plead. 96 Ark. 184-9; 105 *Id.* 638. The memorandum in writing was sufficient and sufficiently describes the land. The letters are sufficient. 85 Ark. 1; 136 *Id.* 451; 36 L. R. A. (N. S.) 154; 1 So. 149. "That is certain which can be made certain." 37 N. W. 353; 7 L. R. A. 87; 119 S. W. 445; 60 L. R. A. 415; 96 Am. Dec. 671. Appellant, as the testimony shows, agreed to make a warranty deed. 13 Ark. 426; 7 *Id.* 153. An incumbrance on land does not prevent specific performance if the buyer is willing to accept in that condition. 45 Ark. 17, 31; 114 *Id.* 436-9.

3. Appellee has always been ready and willing to perform his contract and a tender was not necessary. 93 Ark. 497; 68 *Id.* 505.

4. Appellant is estopped to urge that he did not know that the M. & F. Bank and that he did not approve of the form of the deed submitted him. He was silent where he should have spoken. Appellant has neither sought to do equity and does not come into court with clean hands.

SMITH, J. This is a suit to enforce the specific performance of a contract for the sale of certain lands in Clark County owned by appellant, Lewis Skinner. The suit is based upon the following correspondence:

"Gurdon, Ark., June 3, 1919.

"Mr. Lewis Skinner, Perryville, Ind.

"Dear Sir: I am in the land business here, and will buy either your timber on the east half of the northeast quarter of section 21, township 9 south, range 20 west, Clark County, Arkansas, or I will buy land and timber if you will make me a fair price on it. What do you want for it?

"Very truly yours,
"Will W. Stone."

"Perryville, Ind., June 28, 1919.

"Mr. Will W. Stone, Gurdon, Ark.

"Dear Sir: Your letter received asking for prices on land owned by me in Clark County, Arkansas. I will sell land and timber, 120 acres, for $2,500 cash.

"Yours truly,
"Lewis Skinner."

"Gurdon, Ark., July 5, 1919.

"Lewis Skinner, R. F. D. No. 1, Perryville, Ind.

"Dear Mr. Skinner: Your price for your 120 acres of land near Smithton, Clark County, Arkansas, is rather high, but I am accepting your offer to take twenty-five hundred dollars cash for this land, and am inclosing you deed Arkansas form for you to make deed to Will W. Stone and have acknowledged before a notary public, attach draft to deed and send to the Merchants & Farmers Bank, Gurdon, Arkansas, and I will take care of same.

"Very truly yours,
"Will W. Stone."

It will be observed that the first letter was a proposal to buy the timber on the east half northeast quarter section 21, township 9 south, range 20 west, or to buy both the land and the timber, and in response appellant proposed to sell 120 acres of land and timber for $2,500 cash. The testimony taken at the trial showed that appellant

owned, in addition to the eighty acres above described, a forty-acre tract, making 120 acres, and that he owned no other land in that county, and that the two tracts constituted the land referred to by appellant in his letter as the "land owned by me in Clark County, Arkansas."

It also appears from the testimony that appellant made no response to the letter of July 5, but, instead, came down to Clark County, and went over his land, and made inquiry about its then market value, without letting appellee know of his presence in the neighborhood.

Finally, when pressed to close the deal in accordance with the correspondence set out above, appellant declined to do so upon the ground that the minds of the parties had not met upon certain essential details. First, as to the kind of deed which should be made, whether quitclaim or warranty. Second, that appellant had previously granted a right-of-way over a portion of the land to a sawmill company for a railroad, and the parties had not reached an agreement in regard to this easement. It is also urged that appellant knew nothing about the responsibility or solvency of the Merchants & Farmers Bank, of Gurdon, Arkansas, and could not, therefore, be compelled to accept this bank as his agent in closing the transaction; and that no tender of the purchase money had been made; and that appellee's offer to "take care" of a draft to be attached to the deed could not be treated as a tender.

It is also said that the letters set out above do not meet the requirements of the statute of frauds, in that the property to be conveyed is not sufficiently described.

Answering this last insistence first, it may be said that appellant's letter, fairly construed, proposed to sell all the land owned by him in that county, and the testimony shows that to have been 120 acres. Appellee's first letter describes particularly and exactly eighty acres of the land, and the testimony makes the remaining forty acres equally as certain. *Miller* v. *Dargan,* 136 Ark. 237; *Fordyce Lumber Co.* v. *Wallace,* 85 Ark. 1; *Hirschman* v. *Forehand,* 114 Ark. 436.

Upon the question of the kind of deed contemplated by the parties, this court has held that, "Where a party agrees to convey land, and there is nothing said as to the nature and extent of the title to be conveyed, nor anything connected with the transaction, going to indicate the particular species of conveyance intended, the law implies a deed in fee simple, and with covenants of general warranty." *Holland* v. *Rogers,* 33 Ark. 255; *Witter* v. *Biscoe,* 13 Ark. 422.

Upon the question of the prior incumbrance, it may be said that in decreeing the specific performance of the contract the court expressly excepted the right-of-way previously conveyed the lumber company for its railroad. Moreover, the testimony shows that appellee knew of this easement, and it will, therefore, be presumed that he proposed to purchase subject to it. Appellee did not prepare the deed, but sent to appellant a blank to be used, and appellant had both the right and the opportunity to prepare and return to appellee a deed specifically exempting this easement if he thought it essential so to do.

It is true, of course, that appellant could not have been required to close the deal through the Merchants & Farmers Bank at Gurdon, he not having agreed to do so. But appellee did not impose this as a condition. The letter of July 5th must be treated as a suggestion whereby the deal could be closed without delay; and as the appellant did not ask that the deal be closed in some other manner, he is in no position to say that appellee imposed a condition which was not satisfactory.

So, too, in regard to the tender. Appellant did not exact cash, but the reference to cash must be treated as referring to the time of payment rather than to the manner of payment, as in ordinary transactions a check or draft is regarded as the equivalent of money. Appellant would have been within his legal rights in demanding money, but common fairness demanded that, after his offer had been accepted, he give appellee a chance to pay in money if that condition was to be imposed.

We think a binding contract was made when appellee, by his letter of July 5th, accepted appellant's proposition, contained in the letter of June 28th, and that the statement about sending the draft to the Merchants & Farmers Bank was not an additional and unagreed upon condition, but was a mere suggestion to expedite the consummation of a contract which the letter itself closed by accepting unconditionally appellant's offer to sell.

We conclude, therefore, that the court correctly decreed the specific performance of the contract, and that decree is affirmed.