Turner Furnishing Goods Company *v.* Snyder.

4-6156                                  146 S. W. 2d 913

Opinion delivered January 20, 1941.

*Woody Murray,* for appellant.

*Shouse & Shouse,* for appellee.

GRIFFIN SMITH, C. J.   February 1, 1935, Justice of the Peace W. W. Coffman rendered judgment against Garland Snyder for $211.   October 1 of the same year Franklin P. Matz, attorney for the furniture company, accepted Snyder's check for $25 and indorsed satisfaction in full on the judgment record.

Suit, upon which judgment was predicated, was filed June 2, 1932.   On the J. P. docket there is the indorsement:   "This cause having been set for hearing, is continued by agreement pending settlement."   The next docket entry is the judgment of 1935, wherein it was recited that the plaintiff appeared by attorneys, and "the defendant in person and in open court agrees on a judgment. . . . Defendant being notified confesses that judgment may be taken for $211."

It is then recited that on February 15, 1935, the plaintiff's attorney, Virgil Willis, demanded execution, which was issued the day of demand, returnable March 15.   Then there is this indorsement:   "On this March 4, 1935, plaintiff after notice given according to law, files schedule,[1] claiming all personal property exempt.   Supersedeas issued."

Chancery jurisdiction was invoked for the purpose of having the entry of satisfaction cancelled on the docket of the justice of the peace, the allegation being that Matz acted without authority.   The chancellor found that the entry was unauthorized, and that it was made for the purpose of cheating and defrauding appellant, although there is no evidence that the attorney intended to personally profit by the transaction.   In addition, the court found that the judgment was not authorized, and it was set aside and the cause remanded for trial.

This appeal questions correctness of the chancery decree on both propositions: the furniture company having appealed from that part of the decree setting aside the judgment, and Matz, Snyder, and others, having cross-appealed from the order cancelling satisfaction.

[1] Constitution, art. 9, §§ 1 and 2.   Pope's Digest, §§ 7183 and 7184.

Snyder testified that in July and August, 1931, he purchased of appellant goods invoicing $181.81. Goods were not shipped as ordered. Substantial portions of the orders were inferior substitutions for which there was but little public demand. Plaintiff's agents acknowledged these deficiencies, but urged the consignee to retain the merchandise and endeavor to sell it to the best advantage, it being agreed that adjustments would be made. Snyder returned goods of the value of $69.37, retaining the remainder under agreements with plaintiff's agents to make the transactions satisfactory. Snyder was not able to dispose of the merchandise. While this situation continued appellant withdrew the agents with whom witness had dealt and substituted others who declined to recognize the agreements; and after notice the account was placed with Attorney Virgil Willis for collection.

Snyder further testified that he informed Willis of the facts herein recited, and that after suit had been filed the attorney agreed it would be "suspended and dropped," and that a settlement would be worked out. Payments aggregating $65.45 were made to Willis, leaving a balance of only $49.37. Willis withdrew from the case. W. B. Foster and Franklin P. Matz were employed to succeed Willis.

The record shows an order of continuance pending settlement. This was tantamount to an agreement between the parties that no further action would be taken without notice. Snyder testified he was not informed of appellant's purpose to demand judgment and that he did not, until time for appeal had expired, know that judgment had been rendered. Opposed to this is the judgment recital that the defendant appeared in open court and consented to the action taken. The justice of the peace testified he did not remember that the parties were present. His statement was: "I do not remember anything about it except that later Mr. Snyder told me it had been paid for $25, and Mr. Matz came in and fixed it up. . . . If the lawyer for the plaintiff had come into my office and told me that Mr. Snyder had agreed that [judgment might go against him] for $211, I would

have let him write up my docket that way, but I don't remember a thing about it.''

We pretermit a discussion of whether papers prepared in connection with Snyder's schedule of property claimed as exempt show he had knowledge of the judgment in ample time for appeal—this for the reason that it is our opinion Snyder should have been informed before the judgment was taken. He had a right to rely on the agreement that the cause should remain quiescent while efforts at adjustment were being made, and since the justice of the peace has no recollection of the facts, but admits he would have permitted an attorney for the plaintiff to write the judgment, we think the chancellor did not err in holding that [constructive] fraud was perpetrated upon Snyder and upon the court. The fact that after the so-called settlement for $25 was indorsed appellant made no further move for five years is a circumstance against appellant's contentions.

An attorney is not permitted to compromise his client's cause of action or judgment without permission.

The decree is affirmed on appeal and cross-appeal.