PETRE and wife, Respondents, vs. SLOWINSKI and wife, Appellants.

*October 16—November 18, 1947.*

For the appellants there was a brief by *Gold & McCann,* attorneys, and *A. J. Palasz* and *John Kleczka, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Palasz* and *Mr. Kleczka.*

For the respondents there was a brief by *Fons, Stoecker & Mietus* of Milwaukee, and oral argument by *Adam A. Stoecker.*

FAIRCHILD, J. The action was tried to the court, and one of the conclusions of law was "that the plaintiffs did not waive their right to purchase the property in question by virtue of their option contained in said lease and agreement because of the payment to defendants of the sum of $75, the amount equal to the September, 1946, rent, but that plaintiffs did make said

payment in order to protect their interests under said lease and agreement, and to protect their undisturbed possession of said premises." Judgment was entered providing "that the lease and agreement set forth in plaintiffs' amended complaint be specifically performed, and that the defendants execute and deliver to plaintiffs a good and sufficient deed with usual covenants of warranty of the real estate. . . ."

The appellants attempt to make the point that respondents have waived their right to purchase the premises because of a payment of rent made while respondents, on appellants' request, waited until appellants had an opportunity to decide whether they would comply with the terms of the option. In this they must be held to have failed. On the 28th of August, 1946, the tender was made by respondents, and one of the appellants said in effect, "I will not sign now. I will ask my lawyer," and he suggested that on the 4th of September he would be ready to decide. Under these circumstances it is clear that it was the acts of the appellants which induced respondents to remain in a position that may be described as somewhat equivocal and which caused the respondents to believe that their failure to pay the rent for the month of September might result in placing them in default.

There is no evidence that by accommodating the appellants in giving them reasonable time to accept their tender the respondents intended to relinquish their right to become purchasers. As the learned trial judge said in his opinion:

"The intention of these parties on both sides of this question was not one that would carry a deliberate waiver of the greater right, to wit, to buy that property and have it as owners for the price of $13,000. That rent item for September was paid only as a matter of safeguard and protection to the lessees since they had their business in that place and couldn't afford to lose their business and their location."

There was not such continued payment of rent as to show abandonment of the right to exercise the option.

What was done was at the request of the appellants, and they seek to escape their fair obligation by relying upon a requested postponement of which they are the authors. *Culpa tenet suos auctores.* Appellants cannot transform their own act into a wilful abandonment by the respondents of their intention to purchase; nor can appellants thus force respondents into a position of continuing to be tenants, when as a fact they are vendees. The attempted defense, if permitted to prevail, would in the situation created by the appellant, be unjust and inequitable.

The appellants raise these further questions: (1) Did the lease sufficiently describe the premises to warrant specific performance upon exercise of the option provision of the lease? (2) Is a vendee entitled to a warranty deed when the contract to purchase makes no mention of the kind of conveyance to be made? (3) May specific performance be decreed upon the exercise of an option to purchase when the written agreement does not contain all of the agreements made between the parties?

Each of these questions may be briefly disposed of. As to the first, the appellants leased to the respondents the premises "in the city of Milwaukee, known as No. 2875 South Eighth street, to wit: The entire lower floor to be used as a retail grocery and meat market and dwelling rooms in rear; also one half of basement and attic and garage space for one car." The second floor of the building was known as No. 2873 South Eighth street. The only description of the property in the lease was the reference to No. 2875. The option provision read: "The lessor hereby grants the lessee the privilege to purchase the property at the above address. . . ." The use of the street number in the agreement was sufficient to identify the premises. The appellants owned no other land in that block. The trial court properly considered evidence relative to the surrounding circumstances and conduct of the parties and con-

cluded that the property covered by the option was the entire lot with all the improvements thereon. There was not such a failure of description as to defeat an action for specific performance.

As to the second question, it is well settled that where no provision indicating the character of the title is made in a contract for the sale of real estate, the law implies that the vendor is to convey a marketable title free from incumbrances. 55 Am. Jur., Vendor and Purchaser, p. 619, sec. 149; *Curtis L. & L. Co. v. Interior L. Co.* 137 Wis. 341, 347, 348, 118 N. W. 853. Respondents are therefore entitled to the statutory warranty deed provided for in sec. 235.06, Stats.

As to the third question, the record discloses that the parties had orally agreed that the lessee was to pay all utility bills for the entire building, but no provision to that effect appeared in the lease. Appellants contend that the entire agreement between the parties must be in writing to be enforceable, and that since the matter of utility bills did not appear in the writing, the instrument was not subject to specific performance. Respondents at all times during their occupancy as lessees performed the oral agreement to pay the utility bills, and by sec. 240.09, Stats., that performance took that part of the agreement out of the statute of frauds, sec. 240.08.

No reason appears to prevent the entering of a decree for specific performance since the respondents have duly exercised the option granted to them by the written lease of May 16, 1944.

*By the Court.*—Judgment affirmed.