BYFORD *v.* GATES BROTHERS LUMBER COMPANY.

4-9044                                              225 S. W. 2d 929

Opinion delivered January 16, 1950.

*Mann & McCulloch,* for appellant.

*Norton & Norton* and *Harrelson, Harrelson & Cannon,* for appellee.

GEORGE ROSE SMITH, J. In this case the trial judge directed a verdict for the plaintiffs, Gates Brothers Lumber Company and L. J. Boatner. The appellant, Mrs. L. G. Byford, contends that the court should have directed

a verdict in her favor or at least have submitted the case to the jury.

The pivotal question is whether Mrs. Byford bound herself to settle certain debts owed by her daughter, Dorothy Cole, to the appellees. Mrs. Cole and her husband owned a residence and a restaurant in Forrest City, both properties being subject to a mortgage held by G. C. Duncan. Duncan sued to foreclose and obtained a foreclosure decree on November 1, 1948. The appellees had furnished labor and materials for an uncompleted skating rink on the restaurant property, and in the decree they were given judgments for their claims and second liens on the restaurant tract. To marshal the assets the chancellor ordered that the residence property be sold first. The sale was advertised for November 30.

At this point Mrs. Cole appealed to her mother, the appellant, for assistance in saving the home. On November 16 Mrs. Byford, through her former attorney, submitted separate offers of settlement to the attorneys for the appellees. Each offer referred to the other and made it a condition that both be accepted. We discuss only the offer to Gates Brothers, as it presents the more difficult of two similar problems. The Gates Brothers judgment against the Coles was for $4,036.92. In her letter Mrs. Byford offered to pay Gates Brothers $3,000 and to obtain authority from Duncan and the Coles to release to Gates Brothers the lumber in the unfinished rink. In return Gates Brothers was to satisfy its judgment and have the foreclosure decree modified so that the restaurant property would be sold first. The letter concluded: "Please advise whether or not this is acceptable to your client."

On November 19 the attorneys for Gates Brothers replied:

"We are authorized by Gates Bros. to accept the settlement offered in your letter to us dated the 16th inst., provided, the cash settlement is paid promptly and a reasonable time is allowed for removal of the lumber from the skating rink, which I suggest should be 90 days

in view of the season of the year we are in. We assume that you will prepare whatever papers you consider necessary for modification of the decree and we will co-operate for Gates Bros. however may be necessary."

· The next day Boatner's attorneys wrote a somewhat similar letter of acceptance. Mrs. Byford's attorney then prepared a petition asking that the decree be amended to provide that the restaurant should be sold first and that Gates Brothers should be given ninety days to remove the lumber. This petition was approved by the attorneys for all concerned. On November 26 the chancellor signed an order modifying the decree, but it was agreed that the order be withheld from the record until the settlements were consummated. On the day before the sale Mrs. Byford informed her attorney that she would not continue with the proposed settlements. The properties were sold on November 30 for less than the mortgage debt; so the appellees' second liens proved worthless.

At the conclusion of the testimony below the court first denied the plaintiffs' motion for a directed verdict. The defendant then moved for a directed verdict, and the trial judge expressed the view that it had become his duty to direct a verdict for one side or the other, even though the defendant had additional instructions to offer. Upon that theory he directed a verdict for the plaintiffs. The court's view was erroneous, *Pacific Mut. Life Ins. Co.* v. *Carter,* 92 Ark. 378, 123 S. W. 384, 124 S. W. 764, but that fact is immaterial if the proof warranted a peremptory instruction for the plaintiffs. We think that it did.

The appellant's most forceful argument is that the Gates Brothers letter did not amount to an acceptance of the proposed settlement for the reason that additional terms were suggested. We recognize the familiar rule that if the offeree proposes new conditions he is really making a counter-offer that must in turn be accepted by the other party. But it is well settled that the offeree's acceptance is not conditional merely because it recites terms that would in any event have been implied from the original offer. Rest., Contracts, § 60. That is the situa-

tion here. Gates Brothers asked that the money be paid promptly and that a reasonable time be allowed for removal of the lumber. Since the sale that Mrs. Byford sought to avert was only eleven days away, it is evident that the offer itself contemplated prompt payment by Mrs. Byford. And the law would allow a reasonable time for removal of the lumber; so this requirement in the acceptance added nothing to the contract. Even though Gates Brothers "suggested" that ninety days would be a reasonable time, there still came into existence a binding contract by which Gates Brothers could remove the lumber within a period fixed by law as reasonable, whether greater or less than ninety days. See Rest., Contracts, § 62.

Upon this point our earlier cases are controlling. In *Bushmeyer* v. *McGarry,* 112 Ark. 373, 166 S. W. 168, an offer to sell land provided that the abstract of title would be left with an Oklahoma bank, but the letter of acceptance directed that the abstract be forwarded to the vendee in Arkansas. The seller did forward the abstract but later attempted to avoid the contract on the theory that the vendee's counter-proposal had not been accepted. We upheld the contract, saying: "It is true the letter of acceptance introduces a change in details, in that . . . it is asked in this letter that the abstract be forwarded for inspection. Now, that was not a substantial change in the terms, but merely a detail which the defendant promptly acceded to by forwarding the abstract as requested. It was not such a change as amounted to a qualification of the original offer." To the same effect is *Skinner* v. *Stone,* 144 Ark. 353, 222 S. W. 360, 11 A. L. R. 808.

It is contended that Mrs. Byford cannot be said to have been in default until the appellees actually placed the supplemental decree of record and satisfied their judgments. These contracts, however, were plainly bilateral rather than unilateral, the respective promises being mutually dependent. In such a case it is not necessary that one party complete his performance in order to put the other in default. The appellees had obtained the

court's approval of the modified decree and were fully prepared to carry out their bargain when the appellant repudiated her obligation. ''A tender [of performance] conditional on contemporaneous performance by the defendant is sufficient and necessary.'' Williston on Contracts, § 832.

There were several objections to rulings upon matters of evidence, but we find no semblance of prejudicial error. The testimony adduced by both sides is entirely free from material conflict. It is shown without dispute that the contracts were made, that the appellees tendered performance, and that the appellant defaulted. The obligation being to pay money, there is no question as to the measure of damages. (Gates Brothers bought the lumber at the sale; its value is not involved here.) *Leach v. Smith*, 25 Ark. 246. Only issues of law were presented below, and the court's peremptory instruction for the appellees was a correct determination of these issues.

Affirmed.