CAMERON et al., Respondents v. SCHERF, Appellant

(62 N. W.2d 884)

(File No. 9381.   Opinion filed February 23, 1954)

**Jarvis W. Brown** and **Orville G. Ekse,** Faulkton, for Plaintiffs and Respondents.

**Norbeck & Gallagher,** Redfield, for Defendant and Appellant.

RUDOLPH, J. Plaintiffs seek to compel defendant to convey to plaintiffs certain property which under the terms of a written lease, plaintiffs had an option to purchase. The trial court entered judgment which requires that defendant convey the premises to plaintiffs upon payment of the pur-. chase price. Defendant has appealed. We affirm the judgment.

The facts are: Under a written lease dated June 4, 1947, defendant leased the premises to plaintiffs for a period of five years. This lease contained an option to purchase as follows:

"And said lessees are hereby granted an option to buy the said leased premises at any time during the term of this lease at the agreed price of Seven Thousand ($7,000.00) Dollars".

On May 5, 1952, within the five-year period, plaintiffs wrote to defendant, "We wish to exercise the right to take up the option to buy the property located on Lot 17, Block 21, original plat, South Dakota. The afore-mentioned option was dated June 4, 1947. Would you furnish us a good title as soon as possible". Prior to writing this letter one of the plaintiffs advised defendant that plaintiffs "wanted to exercise the right of our option and that we would have the money and I wanted to give him sufficient time to get title, and give us good title." During the last days of May 1952, one of the plaintiffs and his lawyer made a special trip to see defendant and then advised him that the money was ready and they wished to exercise the option. Defendant said he wanted to see his lawyer. However, nothing was heard from defendant so on June 2, 1952, one of the plaintiffs and his lawyer again sought out defendant, and finally met at the office of defendant's lawyer, where defendant and his lawyer were advised that plaintiff had the money with him and wished a conveyance of the property. This offer was refused and plaintiff then gave defendant a writing as follows:

"You are hereby notified that pursuant to the contract, a copy of which is hereto annexed and made a part of this notice, that James M. Cameron and W. H. Cameron, Jr., of Faulkton, South Dakota do hereby signify their intention to take the

land described therein, and herein described as follows:

"Lot Seventeen (17), in Block Twenty-one (21), of the Original Plat, of the City of Faulkton, Faulk County, South Dakota

"And you are further notified that the above named James M. Cameron and W. H. Cameron Jr. are ready, able and willing to perform the terms of the option to purchase the above described premises contained in the above stated contract at such time and in such manner as may be designated by you, and for that purpose are ready, able and willing to deposit the sum of Seven Thousand ($7,000.00) Dollars to your credit in such time and place as may be designated by you, and hereby demand a warranty deed of said land".

Defendant's lawyer after reading this writing said that defendant did not have to give a warranty deed. Plaintiffs' lawyer responded that "they meant a good deed free of all encumbrance, and that is what we wanted. That we had the money with us and wanted a conveyance to the property". Defendant refused to convey the property and this action was then started. Other facts will be stated in the discussion which follows:

The trial court by its judgment required "That upon payment by the plaintiff to the defendant of the sum of $7,-000.00, the defendant convey the premises hereinafter described to the plaintiff by a conveyance either in the form of a warranty deed as provided by Section 51.1419 of the South Dakota Code of 1939, or a deed in form provided by Section 51.1420 of the South Dakota Code of 1939".

■ Appellant's prinicpal contention is that he was not bound by the terms of the option agreement to convey by warranty deed, that, therefore, the plaintiffs' offer to perform was conditional only, and the trial court erred in entering its judgment in the form above set out.

SDC 51.1419 provides:

"An agreement on the part of a seller of real property to give the usual covenants, binds him

to deliver a warranty deed in the form prescribed by section 51.1403 or to insert in the grant covenants of seizin, quiet enjoyment, further assurance, general warranty, and against incumbrances."

The question presented under this statute and the holding of the court is whether defendant agreed "to give the usual covenants" under the terms of the option agreement. We think he did so agree. The rule is stated in the American Law of Property, Vol. III, 1952, § 11.56(b) as follows:

"However, it is generally held that unless the vendor is acting in a ministerial or fiduciary capacity, or unless there are terms of the contract or attendant circumstances showing a contrary intention there is an implied contract that the deed shall contain the usual covenants of title".

See also 55 Am.Jur., Vendor and Purchaser, § 315; Thompson on Real Property, Permanent Edition, Vol. 7, § 3671; Skinner v. Stone, 144 Ark. 353, 222 S.W. 360; 11 A.L.R. 808; Petre v. Slowinski, 251 Wis. 478, 29 N.W.2d 505; Dwight v. Cutler, 3 Mich. 566, 64 Am.Dec. 105; and the cases cited in the annotation Ann.Cas. 1915C, page 491. The reason for the rule is simply that such a rule is in accordance with the general understanding of the parties to such contracts. As stated by the Ohio court in the case of Stanley v. Bedinger, 1 Ohio Cir.Dec. 522, 2 Ohio Cir. Ct.R. 344,

" 'In the second place, we are satisfied that if the defendant is liable on this contract to convey this property, that he must convey the entire property free from all claims by a good and sufficient deed, which would be a deed of general warranty. The agreement itself is silent as to the kind of deed. It says that the party of the first part hereby agrees to sell certain lands, which the party of the second part agrees to purchase. What would we understand, from the use of such language as this, was the intention of the parties? Judge Tilden, in a very clear and able opinion in the case of Moore v. Moulton, 7 Ohio Dec.Reprint 405, 2 Cinc.L.Bul. 323, in construing similar language in a contract, says at page 325:'

"A comprehensive undertaking to sell a definite portion of real estate includes, by necessary implication, a promise on payment of the price, to convey such real estate in such manner as will embrace all of it, and every interest in it and every incident to it, and to that end to execute in due form an instrument which shall convey and assume and maintain the ownership of the purchaser. Here the words, literally construed, include all this. The promise was made upon a valuable and upon what the parties regarded as an adequate consideration, and the inference is fairly deducible, from the nature and circumstances of the transaction, that both parties contemplated the sale of the entire estate as it was constituted at the date of the contract, and the conveyance of such an estate by an instrument containing all the covenants of title usual in such cases".

We are convinced that the effect of our holding in the case of Boekelheide v. Snyder, 71 S.D. 470, 26 N.W.2d 74, 76, is in accord with the rule as above set out. We stated in that case that the conveyance need not be "necessarily in the form of a warranty deed", which simply meant that it need not follow the statutory form for such deed, but a reading of the opinion makes it clear that there was no intention to hold that the conveyance should not contain the usual covenants of title.

It is clear the parties intended a conveyance either by warranty deed or a deed containing the usual covenants of title, or a quitclaim deed. To hold in this case that a quitclaim deed would be compliance with the agreement would not be in accord with the intent of the parties in similar transactions, and certainly not in accord with the intent of the parties as disclosed by this record. The plaintiffs intended to purchase and the defendant to sell the whole property and not such interest, whether large or small, as the defendant might have in the porperty at the time of conveyance.

Suggestion has been made that SDC 51.1418 compels a result different from that reached above. This section reads:

> "An agreement to sell real property binds the seller to execute a conveyance in form sufficient to pass the title to the property."

Apparently this provision of our code had its inception in the Field Code of New York. Field's Civil Code, § 862. Search has been made to find a construction thereof in support of or opposed to the suggestion which has been made. The search has been futile. It is clear, we believe, that this statute does not purport to place a construction on a contract of sale. We have in this opinion construed such a contract, and have held that where such contract is silent as to the kind of deed there is implied in the contract that the deed shall contain the usual covenants of title. This holding does no violence to SDC 51.1418 as the deed we have required of the seller is "in form sufficient to pass the title to the property", and as stated above the quoted section of our code does not purport to place a construction upon a contract of sale.

■ The facts disclose that plaintiffs did not always pay the rent on the day that it was due, but defendant always accepted payment after the date and the record discloses that all rent payments due under the lease were made and accepted without any protest by defendant as to time of payment. The lease provides:

> "* * * on failure of lessee to pay same [rent payments] when due, said lessor has the right, at his option, to declare the lease void, cancel the same, and without any legal proceedings, reenter and take possession of the premises".

In view of this provision of the lease we find no merit in appellant's contention that the failure at times to pay the rent on the due date cancelled the lease and destroyed the option to purchase. Under the specific terms of this lease it was only when the defendant declared the lease void for failure to pay on time, that such failure had any effect whatsoever. Defendant never objected to late payments, never exercised his option to declare the lease void, and it follows that lease was always in force, and plaintiffs' option effective.

■ ■ Under the facts and law above stated it is clear that plaintiffs exercised the option within the time prescribed in the lease. The option having been exercised there arose a binding contract of sale between the parties. 55 Am.Jur., Vendor and Purchaser, § 43. Appellant complains that plaintiffs made no sufficient tender of the purchase price to place him in default. Without deciding whether there was a sufficient tender, we hold that under the facts presented a tender was waived by appellant. The appellant simply refused performance. This dispensed with the necessity of a formal tender. Boekelheide v. Snyder, 71 S.D. 470, 26 N.W.2d 74; Strom v. Buholz, 73 S.D. 583, 46 N.W.2d 912.

The judgment appealed from is affirmed.

SICKEL and LEEDOM, JJ., concur.

SMITH, P. J., and ROBERTS, J., dissent.

SMITH, P. J. (dissenting). In so far as the foregoing opinion deals with the form of the conveyance, I dissent. It is my view that SDC 51.1418 controls, and the vendor was required only " 'to execute a conveyance in form sufficient to pass the title to the property.' " Boekelheide v. Snyder, 71 S.D. 470, 26 N.W.2d 74, 76. I would modify the judgment to bring it into harmony with this view, and affirm the modified judgment.

ROBERTS, J., concurs.