LOCKHART *v.* SPENCER.

5-1269                                              306 S. W. 2d 109

Opinion delivered October 28, 1957.

*Wood, Chesnutt & Smith* and *David B. Whittington,* for appellant.

*G. W. Lookadoo,* for appellee.

PAUL WARD, Associate Justice.    In 1947 Henry Smith executed a deed conveying three parcels of land, consisting of 8 1/2 acres, to Herman Spencer.    Part if not all of the land was divided into town lots.    Prior thereto the land had forfeited for taxes and was sold to the State.    Several people held deeds from Spencer and others held deeds from the State to separate portions of the land.

On January 23, 1948 Henry Smith died, leaving four surviving heirs, three of whom are the appellants here. On January 26, 1955 the said four heirs, through their attorneys, filed suit against all the above mentioned grantees to recover the land here involved. Five of the defendants employed attorneys and filed answers.    The other defendants, who were served by Warning Order, did not appear or file any pleading.    It appears from the record that the complaint of the Smith heirs was based upon the allegations that Spencer acquired his deed by fraud and that the tax forfeitures were void.

On the day set for trial (June 2, 1955) the attorneys representing both sides held a conference and reached a compromise settlement, which was presented in open court. Thereupon, on the same day, the Trial Court rendered a decree (filed six days later) based upon the agreed settlement. By this decree the four heirs received more than one half of the land and the defendants who had answered received the balance. On the occasion and date of the said compromise settlement only one of the Smith heirs was present in person. Those defendants who received nothing from the decree are not involved in this litigation.

Almost exactly one year after the entry of the above mentioned decree (on June 7, 1956) the three Smith heirs who were not present when the settlement was reached and the decree rendered, through another attorney, filed a petition for a Bill of Review to set aside the original decree. The abstract does not disclose the grounds on which the three Smith heirs sought to have the decree set aside, but we do find from the record that they relied on newly discovered evidence relative to adverse possession and that the settlement was based on a mistake of facts.

After a full hearing, at which the testimony and exhibits introduced make up over 180 pages of the record, the Trial Court denied the petition and refused to set aside its former decree. It is from this order denying their petition that appellants are now appealing.

Appellants suggest only two grounds for a reversal; *One,* newly discovered evidence and mistake, and; *Two,* their attorneys were not authorized to consent to the original decree.

*One.* Apparently appellants have abandoned this ground, as will be seen later, although it was the principal one mentioned in their petition to set aside the original decree. At any rate the abstract of the testimony fails to reveal the essential elements necessary to justify a trial court in setting aside a decree after the lapse of the term at which it was rendered. Not only is the

alleged new evidence insufficient, but there is no showing that it could not have been obtained at the time of the original hearing, but it is not shown that appellants would benefit from a new hearing. In other words, it is not shown that appellants have a meritorious cause of action.

*Two.* The only point relied on by appellants for a reversal is stated in this language: "An attorney has no authority to compromise his client's case without his client's consent." By this we assume appellants' contention here to be that the original decree should be set aside, after term, merely because they did not positively authorize their attorneys to agree to it. A former attorney for appellants expresses it this way in their brief: "Under that set of facts it would appear that if such a compromise were made it was made without the consent of the plaintiffs in the case and is therefore void and would be another ground for setting aside the decree."

The above contention is not sustained by our decisions or the text writers. Appellants rely on the case of *Saleski* v. *Boyd,* 32 Ark. 74, from which they quote: "An attorney-at-law acting under a general retainer, and without special authority, has no right to compromise his client's case and consent to a judgment or decree against him." Following the above however, the court also said: "But the court will not set aside a decree entered by consent of an attorney, merely because he had no special authority from his client to compromise the case and give such consent; but will look into the facts and circumstances of the case and ascertain whether it be such a decree as the attorney might well have consented to in the exercise of his general authority, to prevent further litigation and expense. If it appear that the attorney consented to the decree in fraud, or by collusion with adverse counsel, or under a mistake or misapprehension of law or facts, and that the rights and interests of his client were thereby seriously compromitted, the court will open the decree." Moreover, we call attention to the important fact that the decree in the cited case was challenged at the same term at which it was rendered, while here the term had of course lapsed.

The cases of *Moore* v. *Murrell,* 56 Ark. 375, 19 S. W. 973 and *Cullin-McCurdy Const. Co. et al.* v. *Vulcan Iron Works,* 93 Ark. 342, 124 S. W. 1023 relied on by appellants are not applicable here because in neither was the questioned compromise reduced to a decree or judgment.

Possibly because judgments and decrees based on compromise settlements by attorneys are so common that they have become accepted practice accounts for the fact that they have not been frequently challenged in this court. However we do find this head note in the early case of *Price* v. *Notrebe's Heirs,* 17 Ark. 45; "A bill of review cannot be maintained upon allegations that the decree, on the original bill, was entered without the assent of the complainant . . .;"

In Black on Judgments, Vol. 1, page 484-485, under the title of "Consent Judgments" we find: "So, a judgment regularly entered pursuant to an agreement of the attorneys filed in the case, cannot be opened, after final adjournment of the term, on the ground that agreement was not authorized."

In view of the above it is unnecessary for us to consider appellees' motion to dismiss the appeal.

Affirmed.