Nora VEASEY *v*. Roscoe Daniel JOSHLIN

74-214                               516 S.W. 2d 596

Opinion delivered December 23, 1974

*Dodds, Kidd, Hendricks & Ryan,* for appellant.

*Gail O. Matthews,* for appellee.

LYLE BROWN, Justice. Appellant Nora Veasey sued appellee Roscoe Daniel Joshlin for personal injuries and property damages arising from an automobile collision. A settlement in the case was reached but Nora Veasey subsequently retracted her commitment to settle. The trial court held that the agreement, reached between the attorneys and with the consent of the parties, was binding and consequently not subject to rescission. Judgment was entered for the amount of the settlement. Nora Veasey concedes that the law concerning the validity of a compromise settlement is adverse to her position; however, she contends that she was denied her constitutional right of trial by jury. Ark. Const., art. 2, § 7.

On April 5, 1974, Joshlin's attorneys submitted to Ms. Veasey's attorneys an offer to settle the case for $12,500. Three days later Ms. Veasey's attorneys submitted to her the offer. She accepted it and authorized her attorneys to consummate the settlement. The case was scheduled for trial on April 9 and Mrs. Veasey's attorneys notified the clerk to remove the case from the trial docket. Joshlin's attorneys im-

mediately transmitted the check and release to Ms. Veasey's attorneys. Thereafter, and on April 12, Ms. Veasey called her attorneys and informed them that she changed her mind and wanted to retract the settlement. In her testimony at the hearing on motion for entry of judgment, Ms. Veasey testified that after deliberating on the offer for "a day or so" she notified her attorneys to effect the settlement; but then she talked to her husband and it was decided that the amount offered was too small. There was no contention of fraud or overreaching.

Judge Miller concisely stated the rule in *McKenzie v. Boorhem,* 117 F. Supp. 433 (1954):

> Under the Arkansas law, an attorney has no implied authority to enter into a compromise agreement. *Turner Furnishing Goods Company* v. *Snyder,* 201 Ark. 699, 146 S.W. 2d 913; *Cullin-McCurdy Construction Company* v. *Vulcan Iron Works,* 93 Ark. 342, 124 S.W. 1023. However, when a client gives his attorney specific authority to enter into a compromise agreement, such an agreement, if entered into by the attorney, is valid and binding. *Byford* v. *Gates Brothers Lumber Company,* 216 Ark. 400, 225 S.W. 2d 929; *Moore* v. *Murrell,* 56 Ark. 375, 19 S.W. 973; 30 A.L.R. 2d, 944-958; 5 Am. Jur., Attorneys at Law, § 98, Pages 318-329; 7 C.J.S. Attorney and Client, § 105, p. 928 et seq.

Ms. Veasey's contention that the entry of the judgment deprived her of a jury trial is wholly without merit. By her action in deliberately authorizing a settlement she, of course, waived a formal trial.

Affirmed.