Christine P. PADGETT, Plaintiff-Respondent,

v.

Walter SZCZESNY and Irene Szczesny, his wife,
Defendants-Appellants.

Court of Appeals

*No. 85–1517. Submitted on briefs October 17, 1986.—Decided
March 12, 1987.*

(Also reported in 405 N.W.2d 714.)

For the defendants-appellants the cause was submitted on the briefs of *Janice M. Rustad* and *Linda Swagger Maris* and *Podell, Miller & Associates, S.C.,* of Milwaukee.

For the plaintiff-respondent the cause was submitted on the brief of *Jonathan Lindberg* of Mauston.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J.   Walter and Irene Szczesny appeal from a judgment requiring specific performance of a contract to sell their land to Christine Padgett and dismissing their counterclaim for trespass. The dispositive issue is whether the correspondence between the Szczesnys and Christine Padgett and her husband created a contract satisfying the statute of frauds. We conclude that the letters create a valid contract and that Padgett's entry on the property was consensual or occurred after equitable title had passed. We therefore affirm. We deny respondents' motion for costs and fees against appellants for a frivolous appeal.

Szczesnys owned five vacant acres in the Town of Necedah, Juneau county. Christine and James Padgett own a 2.33-acre parcel adjacent to the Szczesnys' land. On March 1, 1982 Padgetts wrote to the Szczesnys requesting that they consider selling or leasing "the property [they] own in Necedah." The letter was

signed "James W. Padgett." On March 9, 1982, Irene Szczesny replied by mail acknowledging the March 1 letter and requesting the Padgetts to make an offer. On March 13, 1982 Christine Padgett wrote to the Szczesnys offering to buy the land for $3,000 or to rent it for $100 a year. Receiving no reply from the Szczesnys, Christine wrote again on June 25, 1982 and signed the letter "Mr. and Mrs. Jim Padgett." The letter reasserted the Padgetts' interest in the property and requested the Szczesnys to quote a price.

On June 28, 1982 Irene Szczesny responded with a letter signed "Mr. and Mrs. Walter Szczesny." Walter Szczesny testified that he helped draft the letter and that he approved its contents. The letter stated:

> We have received your letter offering to lease or buy our land adjoining yours. Our price for leasing the land for one year would be $150 per year, or $5,000 for the land if you are interested in purchasing it. If you want to lease the land our lawyer would draw an agreement to lease it on a yearly basis. If you are still interested, kindly contact us so further transactions can be completed.

On July 8, 1982, the Padgetts accepted what they thought to be an offer to sell for $5,000. Their letter was signed "Mr. James W. Padgett" and enclosed a $500 money order signed by Christine payable to the Szczesnys. The Szczesnys received the letter on July 10, 1982. On July 12, 1982 the Szczesnys returned the money order saying that they had received an offer to purchase from their daughter.

Christine Padgett brought suit for specific performance of a contract to convey the five acres. Christine paid into the court the $500 earnest money order and $4,500 balance of the purchase price. Szczesnys an-

swered that the alleged contract was invalid under the statute of frauds and counterclaimed for $5,000 damages for Padgetts' alleged illegal use of the property. James Padgett was not joined as a party.[1]

The Szczesnys stipulated at trial that they owned no land in Juneau county other than the five acres in the Town of Necedah. Mr. Szczesny testified that he neither intended to enter a contract nor to sell the property. Mrs. Szczesny testified that she never intended the June 28, 1982 letter to finalize the transaction.

The trial court held that the exchange of letters satisfied the statute of frauds and created a valid contract to sell the property and that Szczesnys' claim for trespass failed for lack of proof. The court ordered the Szczesnys to convey the property by warranty deed to Christine Padgett for the $5,000 paid into the court.

The Szczesnys argue that the alleged contract fails under the statute of frauds because the conveyance does not adequately identify the parties, the property, the type of interest conveyed and the material terms, and because it is not signed by or on behalf of each of the grantors or by all of the parties to the transaction. The Szczesnys further assert that the trial court's finding of no trespass is clearly erroneous.

All real estate transactions must comply with the formal requirements of sec. 706.02, Stats., the statute of frauds. Failure to comply with the statute renders

---

[1]James Padgett is a party to the transaction. However, because he testified and expressly consented to sole transfer to Christine he is not a necessary party to this action and is estopped from any future claim against Szczesny for the method of transfer.

the transaction void. *Zapuchlak v. Hucal,* 82 Wis. 2d 184, 191, 262 N.W.2d 514, 518 (1978). Section 706.02, Stats., provides in relevant part that transactions involving real estate are not valid unless evinced by a written instrument which: (a) identifies the parties; and (b) identifies the land; and (c) identifies the interest conveyed, and any material term, condition, reservation or contingency; and (d) is signed by or on behalf of each of the grantors; and (e) is signed by or on behalf of all parties, if a lease or contract to convey.

Because the facts are undisputed, the application of a particular statute is a question of law. *Bucyrus-Erie Co. v. ILHR Department,* 90 Wis. 2d 408, 417, 280 N.W.2d 142, 146–47 (1979). We review questions of law independently of the trial court's decision. *Sacotte v. Ideal-Werk Krug & Priester,* 121 Wis. 2d 401, 405, 359 N.W.2d 393, 395 (1984).

Section 706.02(1)(a), Stats., requires that the written conveyance identify the parties to the transaction. The June 28 letter allegedly creating an offer to sell is signed "Mr. and Mrs. Walter Szczesny." The purported letter of acceptance is signed "Mr. James W. Padgett." Previous letters from the Padgetts were signed "Mr. and Mrs. Jim Padgett," "Mrs. James Padgett," or "James W. Padgett." Appellants argue that it is unclear who intended to buy and who to sell the property. We disagree. The letters adequately identify each of the Szczesnys and Padgetts as parties to the transaction.

The Szczesnys next argue that the land description is insufficient to satisfy the statute of frauds. The instrument of conveyance need not specifically describe the land if it refers to the land in such terms that the court can identify the land to be conveyed with reasonable certainty. *Wadsworth v. Moe,* 53 Wis.

2d 620, 626, 193 N.W.2d 645, 648 (1972). Padgetts' March 1, 1982 letter to the Szczesnys refers to "the property you own in Necedah." Szczesnys' June 25, 1982 letter to the Padgetts refers to "our land adjoining yours." The stipulation that Szczesnys' only property in Juneau county was the five-acre parcel and the references in the letters provide an adequate description satisfying sec. 706.02(1)(b), Stats. *Compare Spence v. Frantz,* 195 Wis. 69, 70, 217 N.W. 700, 701 (1928) ("land ... in sections nine (9) and ten (10) in the town of Greenfield, consisting of one hundred and ten acres (110) more or less" meets statute of frauds), and *Kuester v. Rowlands,* 250 Wis. 277, 80–81, 26 N.W.2d 639, 641 (1947) ("my property" located "in sec. 13, town of Genesee, Waukesha county" satisfies the statute of frauds).

Section 706.02(1)(c), Stats., requires that the conveyance identify the interest conveyed and any material terms. "A reasonable certitude in respect to the subject matter of the agreement must be expressed in the contract itself." *Trimble v. Wisconsin Builders, Inc.,* 72 Wis. 2d 435, 442, 241 N.W.2d 409, 414 (1976). However, "where no provision indicating the character of the title is made in a contract for the sale of real estate, the law implies that the vendor is to convey marketable title free from incumbrances." *Petre v. Slowinski,* 251 Wis. 478, 483, 29 N.W.2d 505, 507 (1947).[2]

The Szczesnys' letter of June 28, 1982 offered the Padgetts a choice of buying the property for $5,000 or leasing it. Padgetts chose to purchase and sent the Szczesnys a $500 deposit, the balance to be paid upon delivery of the deed. We conclude that the exchange of

---

[2]Whether this requires a warranty deed is not argued.

letters formed a contract manifesting the Szczesnys' intent to convey the five acres free from encumbrances for $5,000. These terms satisfy sec. 706.02(1)(c), Stats.

The Szczesnys argue that the agreement was not signed by or on behalf of all parties. Secs. 706.02(1)(d) and (e), Stats. The letters were signed in various forms of "Mr. and Mrs. Jim Padgett" and "Mr. and Mrs. Walter Szczesny." The text of each letter discusses the conduct and intent of each of the parties in terms of "we received," "we would like," etc. Mr. Szczesny testified that he read and approved each letter. Since the agreement does not involve conveyance of a homestead, we conclude that for the purposes of sec. 706.02, Stats., the letters were adequately signed by, or on behalf of each party to the agreement.

We conclude that the trial court correctly held that the exchange of letters between the Szczesnys and Padgetts constituted an enforceable contract to sell real estate under the statute of frauds.

We turn to the Szczesnys' trespass claim against Padgett. Padgetts assert that after they accepted the offer they possessed the right to enter because they held equitable title. They argue that any entry before that time was with knowledge and consent of the Szczesnys. Consent to entry is a defense to an action for trespass. *Baumgart v. Spierings,* 2 Wis. 2d 289, 86 N.W.2d 413 (1957).

The trial court found that Szczesnys consented to Padgett's entry. We will not disturb trial court's findings of fact which are not clearly erroneous. Sec. 805.17(2), Stats. The finding is not clearly erroneous. Walter Szczesny testified that in 1979 he gave Padgett permission to clear the land. When Szczesny visited

the land in 1981 he saw that it had been partially cleared. He did not see the land in 1982. There is no evidence that before or during 1982 Padgetts had acted inconsistently with Szczesnys' consent.

■

The Szczesnys object to Padgetts' having farmed the land. Padgetts testified that they did not farm the land until after 1982, and the record contains no evidence to the contrary. By August 1983 Szczesny observed that the land had been planted and grazed. The parties agree that this was done without consent, and Szczesnys argue that it renders the trial court's finding erroneous. We disagree.

As of July 10, 1982, when Padgetts accepted the offer, they had an equitable interest in the land and were entitled to a deed within a reasonable time. After tender of the full purchase price on August 19, 1982, Padgetts were entitled to use and possess the land as its owners. The trial court's finding that Szczesnys' claim of trespass fails for lack of proof is not clearly erroneous.

We therefore affirm the judgment ordering specific performance of the contract conveying the five-acre parcel in the Town of Necedah from the Szczesnys to the Padgetts.

Because Szczesnys' challenge to the contract was brought in good faith, with reasonable basis in law, we deny Padgett's motion for costs and fees.

*By the Court.*—Judgment affirmed.