## ANN S. HURT AND OTHERS v. JAMES M. McREYNOLDS.

In the case of an executory contract for the sale of real property, the purchaser can resist the collection of the purchase money on the ground simply of defect of title or incapacity of the vendor to convey, where it does not appear from the terms of the contract itself, or the circumstances of the sale, that the purchaser, with full knowledge of the facts, agreed to accept such title as the vendor could give; the burden of proof of which is on the vendor. The purchaser had not taken possession in this case.

It is not stated in the answer whether the sale was public or private, or what constituted the want of power on the part of the executrix, or the defect of title, nor is it shown why the deed was not sufficient. Still, those facts are positively alleged, and the plaintiff below did not point out the defects in the mode of statement, by special exceptions that were applicable; and hence the allegations, though vague and general, show sufficiently the want of title having been made.

See this case as to the plea of failure or want of consideration, where the consideration moves from a third party; and quere, whether the plea could be sustained in this case, except upon the fact that the plaintiff received the note to secure (as alleged in the plea) a precedent indebtedness, or to be a discharge thereof when paid. Quere, also, as to the proper parties.

Error from Tarrant. Tried below before the Hon. Nat. M. Burford.

The note sued on was under seal. There were two answers by all the defendants, not materially different. The first was supported by the affidavit of Haynes to the effect that the facts stated, so far as the same relate to the want or failure of consideration of the note therein mentioned, are true as he verily

believes. The second was supported by the affidavit of one of defendants' attorneys, to the effect that the facts stated are true, as he verily believes, as he has been informed. As soon as the first of said answers was filed, plaintiff moved to strike it out, and for special exception assigned, that no privity of interest was shown, between the plaintiff and Elizabeth Blackburn, in the making of the note of $1100; that the consideration, forbearance or inducement, passing from plaintiff to defendant, was not sufficiently set out, to enable the Court to judge whether the consideration has failed or was void or otherwise defective; that said answer was prolix, multifarious, &c. To the second, plaintiff excepted on the ground that it presented no ground of defence, and for special cause, assigned that it did not set up any fraud on the part of plaintiff in obtaining the note sued on, nor any privity of plaintiff in the transaction between Elizabeth Blackburn and said defendants.

The language of the answer, in relation to the making of the note sued on was as follows: That afterwards, to wit: on the 23d of October, 1855, the said Elizabeth Blackburn, for the purpose of securing a debt, that was then due and owing from the estate of the said Samuel Blackburn to the said plaintiff, James M. McReynolds, and with the privity, knowledge, connivance and consent of the said plaintiff, procured and induced the said defendant Ann S. Hurt, and the said defendants Joseph M. Bounds and David C. Haynes, as her sureties, to make and deliver to the said plaintiff the said note in the plaintiff's petition mentioned; the said Elizabeth, in consideration thereof, then and there indorsing the same as payment upon the note of one thousand one hundred dollars above mentioned. And the said defendants further say, that the said plaintiff James M. McReynolds, at the time of the making of the note in his petition mentioned, well knew that the said note first above mentioned was made and executed by the said defendants for the purpose aforesaid, and without any good and valuable consideration; and so the defendants say that the said note in the said plaintiff's petition mentioned, was made without any valuable consideration having been received therefor by the said defendants or either of them.

The last answer referred to a copy of the nuncupative will, filed in the case of Elizabeth Blackburn against Ann S. Hurt et al., marked Exhibit A, and contained in a certified copy of the records of the County Court of Collin county, filed in said case

of Elizabeth Blackburn against Ann S. Hurt et al., marked Exhibit B. The answer prayed that the copy of the nuncupative will, referred to, be taken as part thereof. It was not in the transcript in this case; nor was the copy of the deed from Mrs. Blackburn to Mrs. Hurt, which was also filed in the other case referred to. (See next case.)

The other facts are stated in the Opinion; the answers being condensed therein.

*Ann S. Hurt and others*, for themselves, cited 11 Ill. R. 328; 2 Scam. R. 444; 4 Id. 127; Id. 392; Id. 561, to the point that the defendant was not bound to pay the purchase money, when it was not in the power of the vendor to make a good title; and 3 Hill, N. Y. R. 444, and 16 Wend. R. 597, to the point that the plea that Mrs. Blackburn was not executrix was a good plea in bar; and argued that the pleas sufficiently showed that the note sued on was given for a precedent debt due from the estate of Blackburn to the plaintiff, and that the plaintiff knew that the original note of $1100 was made for the purpose mentioned in the pleas, and without a good and valuable consideration.

*J. C. Easton*, for defendant in error, argued that the affidavits to the pleas were not sufficient; and then continued as follows:—

But if the objections made to the affidavits be not sustained, then does the original answer or either of the amended answers set up a good defence? The answers seek to blend this transaction with the defence set up in the case of Hurt et al. v. Blackburn's Executors, now pending in this Court. It is alleged in the first amended answer, that the note sued on by an arrangement between the parties (as stated) was given to secure a debt due from the estate of Blackburn to the defendant in error. By this transaction McReynolds' debt against the estate of Blackburn was cancelled, and a good and valid consideration passed from him for said note, which cannot be inquired into by collaterally attacking the transaction between Mrs. Hurt and Mrs. Blackburn. But if the transaction in regard to the sale of the lots, &c., had been between the plaintiff in error and defendant, then, according to the decision of this Court in the case of Walton v. Reager, pronounced at this Term, and the authorities there cited, the defence set up would not be available. Most clearly the consideration of the note sued on cannot be im-

peached by setting up a transaction between persons not parties to the record.

The defendant in error asks that the judgment be affirmed with damages.

ROBERTS, J. Defendant in error brought a suit on a note for one hundred and sixty dollars, executed by plaintiffs in error and payable to him. Plaintiffs in error filed an answer, setting up a failure of consideration, which was held to be defective on demurrer. The only question in the case is, whether or not this answer contained a good defence to the action on the note.

The answer states that Elizabeth Blackburn, as the executrix of the last will and testament of Samuel S. Blackburn, which was a nuncupative will, contracted to make to Ann S. Hurt, one of defendants, a good and sufficient title to certain real estate, being two town lots, belonging to the estate of said Samuel S. Blackburn; that to secure the purchase money for said real estate, said Ann S. Hurt, and the other defendants, as her sureties, executed a note for eleven hundred dollars; that afterwards McReynolds being a creditor of the estate of Samuel S. Blackburn, Ann S. Blackburn procured defendants to execute this note, now sued on, for one hundred and sixty dollars, payable to McReynolds, and entered a credit for that amount on the note for eleven hundred dollars; that defendants, or either of them, have not been in possession of the lots, or received any rents or profits therefrom; that at the time of making the note, Elizabeth S. Blackburn was not such executrix, and had no power to make said conveyance; that she has not made or tendered to Ann S. Hurt any deed sufficient in law, and that none such has ever been received by her; that the deed, a certified copy of which is tendered and exhibited by plaintiff, was never tendered to or received by Ann S., and that the same is not a sufficient conveyance of the lots; that McReynolds, at the time he received the note, knew that it was made without any consideration; that defendants are ready and willing to pay upon the making of a good and valid title to the lots.

Upon general demurrer these facts are admitted, which raised the question, whether or not, in an executory contract for the sale of land, the purchaser has the right to withhold the payment of the purchase money, upon showing simply that the vendor, from inability, has not made a good and sufficient deed to the

land, when, by the terms of the contract, she had bound herself so to do.

In the case of Cooper v. Singleton, (decided at Tyler, 1857, 19 Tex. R. 260,) the Chief Justice stated lucidly the distinction between the rights of the vendee in executory and executed contracts for the sale of land. "The difference between the liabilities of the vendee under an executory and an executed contract is this, that in the former he should be relieved by showing the defect of title, unless on proof by the vendor, that this was known at the sale, and it was understood that such title should be taken as the vendor could give. In the latter the vendee should establish beyond doubt, that the title was a failure in whole or in part; that there was danger of eviction; and also such circumstances as would *prima facie* repel the presumption that at the time of purchase he knew and intended to run the risk of the defect." In the case of executory contract, the knowledge of defect of title by vendee, must be alleged and proved by the vendor. In the case of executed contract, this (want of) knowledge of defect of title by the vendee, must be alleged and proved by the vendee.

" It is familiar law, that the general principles of the contract of sale, both in England and in this country, recognize and enforce, while it is still executory, the right of the purchaser to a title clear of defects and incumbrances. This right is one, not growing out of the agreement of the parties, but which is given by law; and it naturally follows that a Court of Equity will not decree the specific performance of a contract when the title is bad, or even, as it has been said in modern times, where it is doubtful." (Rawle on Covenants for Title, 566, and see notes on pages 605 and 699.)

A question very similar in principle to the one now before the Court, was determined in Illinois in the case of Mason v. Wait et al., (4 Scammon's R. 127.) The Legislature had directed Sarah Mason, as the guardian of Martha Mason, a minor, to make sale of land under the direction and sanction of the Judge of Probate. She sold without such previous direction of the Probate Judge. These facts were pleaded in defence to the note given at the sale, and were held to be sufficient in bar of the action.

This decision is based on her want of power to sell without the co-operation of the Judge of Probate, which she had not obtained.

In the case before the Court now, it is alleged that Elizabeth

Blackburn, at the time of making the contract, had no power to sell, and has not since made or tendered a good conveyance to the lots. Now if Ann S. Hurt purchased the lots with a knowledge of her defect of power, or of circumstances which constitute the defect of the deed which she offers, which is charged to be insufficient, it was incumbent on the defendant in error, the contract being still executory, to have alleged such knowledge, or such circumstances as showed that Ann S. Hurt took upon herself the risk of the defects at the time of the sale. To give one instance out of many that might have existed, if the lots were sold at public sale by the executor, under a regular order of the Probate Court, without any peculiar terms of sale being specified, and Ann S. Hurt became the highest bidder at said sale, then the doctrine of *caveat emptor* would have applied, and such facts might be pleaded in avoidance of the answer. (Walton v. Reager, *supra*.)

It is not stated in the answer, whether the sale was public or private, or what constituted the want of power on the part of the executrix, or the defect of title, nor is it shown why the deed was not sufficient. Still those facts are positively alleged, and the plaintiff below did not point out the defects in the mode of statement, by special exceptions that were applicable; and hence the allegations, though vague and general, show sufficiently the want of title having been made. If said Elizabeth undertook to sell the lots at private sale, and bound herself to make a good title, and has not done so, and had not the power to make the contract, and has not since made a sufficient conveyance or tender of one, she cannot enforce a specific performance of the contract by enforcing the payment of the consideration money. And if McReynolds, as is alleged, had full notice of the failure of consideration, he stands in no better condition than she does. Judgment reversed, and cause remanded.

Reversed and remanded.