BOEKELHEIDE, Respondent, v. SNYDER, et al, Appellants

(26 N. W.2d 74)

(File No. 8871. Opinion filed February 6, 1947.)

**Williamson & Williamson,** of Aberdeen, for Appellants.
**W. H. Beckman,** of Redfield, for Respondent.

SICKEL, P.J. This is an action for specific perform-
ance. Margaret L. Snyder, defendant, is the owner of a
house and lot in Northville. On September 5, 1945, she
sold it to H. H. Boekelheide, the plaintiff, accepted a pay-
ment of $50 to apply on the purchase price, and gave plain-
tiff a signed receipt therefor. Defendant refused to com-
plete the sale and plaintiff then brought this action. The
trial resulted in findings and judgment for plaintiff against
defendant Margaret L. Snyder, and she appealed.

The receipt given by defendant to plaintiff is in
words and figures as follows:

"Received of H. H. Boekelheide $50. (fifty dollars) to apply on purchase of house & property of the old Young house. Balance $650.

 "Margaret Snyder."

This receipt was the only written memorandum of the agreement. Appellant contends that it is incomplete; that it does not contain all the essential elements and material parts of such a contract; that under the Statute of Frauds oral testimony is not admissible to supply the deficiencies. SDC 10.0605(3). In the case of Phelan v. Neary, 22 S.D. 265, 117 N. W. 142, 144, this court said:

"A contract for the sale of lands must not only be in writing, but must be complete in itself, containing all the terms of the contract. Oral evidence is not admissible to supply defects in a written contract which by the statute of frauds is required to be in writing."

In the case of Shumway v. Kitzman, 28 S. D. 577, 134 N. W. 325, 328, this court also said:

"While there are many things that can be shown by oral testimony, for the purpose of clearing a writing of ambiguity or uncertainty, our attention has been called to no authority holding that the material terms of a contract coming under the statute of frauds can be so proven. The authorities are unanimous to the contrary."

These rules apply here unless there has been a part performance of the agreement. The evidence relied upon by the respondent in this case to show part performance is the payment of $50 on the purchase price. Pomeroy's Equitable Remedies, Second Edition, § 824, says:

"It is the generally accepted doctrine that payment of the whole or a part of the purchase price is not sufficient in itself to take a case out of the operation of the statute of frauds."

The above rule was approved by this court in the case of Rogers v. Standard Life Ins. Co., 54 S. D. 107, 222 N. W. 667. Here the purchaser has never been in possession, and has made no improvements on the property. There has been no part performance of the agreement and, there-

fore, oral evidence is not admissible to ·supply any of the terms essential to an enforceable agreement. Steensland v. Noel, 28 S. D. 522, 134 N. W. 207.

■ Appellant does not contend that the receipt is insufficient to designate appellant as vendor and respondent as purchaser, but says that it was subsequently agreed orally by the purchaser that the vendor convey to Floyd Torrence, and that, therefore, the purchaser does not have a cause of action in his own right for specific performance of the contract. The assignment of a written contract for the purchase of land is within the Statute of Frauds, and can be made only in writing. Flinner v. McVay, 37 Mont. 306, 96 P. 340, 19 L. R. A., N. S., 879, 15 Ann. Cas. 1175, and notes. The evidence shows that the purchaser told the vendor that the deed was to be made to Torrence, and that the deed was to be brought to the purchaser when executed because he was the one who had the money. There is no evidence of a written agreement assigning to Torrence the right of respondent to the conveyance.

■■ After the down payment was made, and after the agreement was executed and delivered, it was discovered that a poor lien had been filed by the county against a former owner of the property. When the purchaser discovered this fact he demanded that the vendor pay the lien. This she refused to do, contending that she was not obliged to convey the property free from incumbrances. An executory agreement to sell and convey land implies a warranty on the part of the vendor that he is the owner of the property; that he has the right to convey it, and that he will convey a merchantable title, free and clear of all incumbrances. This right of the purchaser does not depend upon the agreement of the parties but is given by law, unless a contrary intention is expressed in the contract. Burwell v. Jackson, 9 N. Y. 535; Wallach v. Riverside Bank, 206 N. Y. 434, 100 N. E. 50; Moore v. Williams, 115 N. Y. 586, 22 N. E. 233, 5 L. R. A. 654, 12 Am. St. Rep. 844; Drake v. Barton, 18 Minn. 462; Hurt v. McReynolds, 20 Tex. 595; Turner v. Ogden, 66 U. S. 450, 1 Black 450, 17 L. Ed. 203; Haynes v. White, 55 Cal. 38; Annotation II, 57 A. L. R. 1268.

Such a contract regulates the estate to be conveyed, not merely the form of the deed. Penfield v. Clark, 62 Barb, N. Y., 584. It "binds the seller to execute a conveyance in form sufficient to pass the title to the property." SDC 51.1418. In Penfield v. Clark, supra, the court said:

"If the object of the parties to a contract for the sale and purchase of land is to provide for the conveyance only of such an estate as the vendor has in the premises, it is only necessary to provide for a deed of quitclaim."

The memorandum contains no provision as to the form of the conveyance to be executed by the vendor, nor as to the incumbrances or liens upon the property. The vendor is, therefore, bound to grant and convey a merchantable title, free from incumbrances, but not necessarily in the form of a warranty deed.

■■ The next contention of the appellant is that the receipt is insufficient to constitute a contract because it fails to fix the time for payment of the balance of the purchase price. The mere failure to state the time of payment will not defeat specific performance of a contract. Where no time for the completion of the contract is specified the law implies that it is to be performed within a reasonable time. Wayne v. Butterfield, 50 S. D. 463, 210 N. W. 663; Ullsperger v. Meyer, 217 Ill. 262, 75 N. E. 482, 2 L. R. A., N. S., 221, 3 Ann. Cas. 1032. There are exceptions to this rule, such as the cases in which the parties have agreed upon a period of credit, without fixing its duration, but here there is no contractual provision which indicates that the parties intended to defer the payment of the balance of the purchase price.

Appellant also says that she returned the down payment to the purchaser. Precisely what she did was to tender the return of the down payment and the purchaser refused to accept it.

■ Appellant also claims that she rescinded the contract. A contract may be rescinded for mistake, duress, fraud, undue influence, failure of consideration, or with the consent of all the parties. SDC 10.0802. After the down payment was made and after the receipt was signed and delivered, the vendor had a deed prepared for her signa-

ture. It was then discovered that the poor lien had been filed by the county against a prior owner. The purchaser demanded the removal of the lien. Then the vendor offered to return the $50 previously paid on the purchase price, but the purchaser refused to accept it. The vendor then destroyed the deed which had been previously prepared and refused to perform the contract because she did not want to pay the poor lien, and because she wanted to live in the house herself. She testified that she had changed her mind. The facts show an unauthorized attempt by the vendor to terminate the contract, but they established none of the grounds for rescission.

The judgment of the circuit court also provides that the vendor shall remove the poor lien, pay the 1945 taxes and convey the property on payment of the balance of the purchase price. It also provides that in case of her refusal the conveyance shall be made by a commissioner with authority to pay the lien and taxes out of the purchase price. Appellant takes exception to these provisions of the decree. The ruling, supported by abundant authority, is that the purchaser "may compel the vendor to convey his defective title or deficient estate, and at the same time have a just abatement out of the purchase price for the deficiency of title, quantity, or quality of the estate to compensate for the vendor's failure to perform the contract in full." 49 Am. Jur., Specific Performance, § 105 Accordingly, the purchaser was entitled to a conveyance subject to existing liens, with credit on the purchase price for the amounts due thereon, and it is immaterial to the vendor whether the amount due on such liens is paid by the commissioner out of the purchase price or assumed by the purchaser.

The decree also directs the vendor to deliver an abstract of title to the purchaser. The obligation of the vendor to furnish an abstract of title depends upon the contract. Anno. II, 52 A. L. R. 1462. Here the contract does not obligate the vendor to furnish such an abstract and, therefore, she is under no duty to do so.

The question of rents was not presented to nor decided by the circuit court and is not here for review.

 The court found that respondent tendered payment of the balance of the purchase price. Appellant took exception to this finding on the ground that it is not supported by the evidence. The obligations of the purchaser to pay the balance of the purchase price and the obligation of the vendor to convey are dependent covenants. Hauert v. Kaufman, 45 S. D. 132, 186 N. W. 555. They were concurrent acts, and neither party could place the other in default without making a tender of performance, unless such tender was waived. Benton v. Davison, 51 S. D. 91, 212 N. W. 500. There is no evidence showing a tender of the unpaid consideration by respondent, but the evidence to which we have already referred shows that the appellant refused to convey the property, as she was obligated to do. This dispensed with a tender by the purchaser, and entitled him to specific performance on proof of his own willingness and ability to perform his obligations under the contract. 55 Am. Jur., Vendor and Purchaser, § 344. As to the willingness of respondent to perform the contract, the complaint alleges that respondent is ready, able and willing to pay said sum of $650 to the appellant upon receipt of a warranty deed and an abstract of title. At the close of the trial respondent offered to accept the property "under the abstract and under a proper deed." The conditions attached to this offer to perform the contract are conditions which respondent had no legal right to impose. We, therefore, hold that the evidence fails to show respondent's willingness to perform the contract according to its terms.

The judgment is reversed and the cause remanded.

ROBERTS and RUDOLPH, JJ., concur.

SMITH, J., concurs in result.

POLLEY, J., not sitting.