VAUGHN et al., Respondents, v. ROSENCRANCE et al., Appellants

(38 N. W.2d 822.)

(File No. 9051. Opinion filed July 19, 1949.)

**William Williamson,** Pierre, for Appellants J. I. Rosen-crance, Henry DeVries and Isabel DeVries.

**H. P. Gilchrist,** Kadoka, for Plaintiffs and Respondents.

**M. Q. Sharpe,** Kennebec, for E. W. Reeves, Defendant, Cross-Claimant and Respondent.

SICKEL, J.   This is an action for the specific perform-ance of a contract to sell land situated in Jackson County, South Dakota.   J. I. Rosencrance is the owner of the land and resides in the State of Wyoming.   All the other parties

to this action reside in Jackson County, South Dakota. In the fall of 1946 Rosencrance and E. W. Reeves, defendant, had some correspondence in regard to the sale of the land, and on December 11, 1946 Reeves sent to Rosencrance his check for $800.00 which was accepted by Rosencrance as a down payment. Later Reeves sent Rosencrance a contract dated December 11 for the sale of the land to Reeves. The contract was signed by Rosencrance and returned to Reeves. On December 11, 1946 Reeves also entered into a contract for the sale of the land to Clark Vaughn, one of the plaintiffs. This contract does not mention Rosencrance but is signed by Reeves as the vendor and attached to this contract is an agreement signed by Vaughn accepting the terms thereof as purchaser. On April 16, 1947, Vaughn sold the land on contract to Harold R. Denkman, plaintiff, with some reservations, and on the same day Reeves prepared and sent to Rosencrance for execution a deed conveying the land to Denkman and wife. Rosencrance refused to execute this deed, and on April 30, 1947 conveyed the land to Henry DeVries and Isabel DeVries, his wife, as joint tenants. Plaintiffs, Vaughn and Denkman, then brought this action against Rosencrance, Reeves and DeVries for the specific performance of the contract by Reeves to Vaughn, on the theory that Reeves made that contract as the authorized agent of Rosencrance. The complaint also asked for the cancellation of the deed from Rosencrance to DeVries. Reeves, defendant, answered with a cross-claim against Rosencrance, defendant, for the specific performance of the contract whereby Rosencrance had agreed to convey the land to Reeves. The trial resulted in judgment for the specific performance of the contract of sale by Rosencrance to Reeves and the cancellation of the deed from Rosencrance to DeVries. The judgment also provided for the specific performance of the contract between Reeves and Vaughn and the contract between Vaughn and Denkman. Rosencrance, DeVries and DeVries' wife appealed.

This series of transactions commenced with a contract between Rosencrance and Reeves. That contract provides that Rosencrance "sold and agreed to convey to said Reeves"

the land described therein. Rosencrance has conceded in his answer, by his testimony and in his brief that he sold the land to Reeves by this contract.

■ The execution of the contract was preceded by written correspondence regarding the terms of sale, and appellants contend that this correspondence shows that Reeves never intended to purchase the land on his own account. These preliminary negotiations were consummated by the written agreement which "supersedes all previous understandings, and the intent of the parties must be ascertained therefrom", except, of course, in cases involving fraud, mistake or ambiguity. 17 C. J. S., Contracts, § 322. Consider also the parol evidence rule. Janssen v. Tusha, 66 S. D. 604, 287 N. W. 501. This contract was never modified or supplemented by agreement of the parties.

■ Appellants contend that if Reeves ever intended to purchase the land on his own account he abandoned such intention by assuming without authority to act as the agent of Rosencrance in contracting to sell the land to Vaughn. That contract is the same printed form as the one used in the sale by Rosencrance to Reeves. Both forms contain a clause stating that the sale is made "subject to the approval of the owner of said land". It seems that this form was contrived for use either as a contract by the owner of the land or by an agent. When the sale is made by an agent for the owner the contract is an offer of purchase which becomes a binding contract only when the owner's approval has been obtained. When the sale is made by the owner, himself, the signature is his approval of the contract and the clause quoted above is meaningless. The contract between Reeves and Vaughn according to its terms is an executory contract for the sale of Reeves' interest in the land acquired under the Rosencrance contract, to Vaughn as sub-purchaser, and it created the relationship of vendor and purchaser between Reeves and Vaughn. The right of Reeves to make the contract with Vaughn was confirmed by the execution of the Rosencrance contract of sale to Reeves. Since Reeves executed the contract with Vaughn as vendor and not as agent for Rosencrance, the latter's knowledge and consent was not necessary.

■ The next contention of appellants is that Reeves failed to deposit the final payment according to the terms of the contract. The contract makes no provision for the deposit or place of final payment of the purchase price. The rule as to tender, applicable to this type of contract, was restated in Boekelheide v. Snyder, 71 S. D. 470, 26 N. W.2d 74, 77, as follows: "The obligations of the purchaser to pay the balance of the purchase price and the obligation of the vendor to convey are dependent covenants. Hauert v. Kaufman, 45 S. D. 132, 186 N. W. 555. They were concurrent acts, and neither party could place the other in default without making a tender of performance, unless such tender was waived. Benton v. Davison, 51 S. D. 91, 212 N. W. 500." The evidence in this case shows that Reeves made no tender of the unpaid consideration, but the evidence also shows the following facts: The time of payment was fixed by the contract as March 1, 1947. This time was extended sixty days by mutual agreement in writing. On April 19, 1947 the vendor wrote the purchaser saying that the deal "fell through" and that he wanted to consider an offer of DeVries to buy the land. On April 24, 1947 the vendor wrote the purchaser as follows: "I don't approve of the transfer to Denkman, or to the placing of the deed at the Belvidere State Bank for collection. I am, therefore, cancelling the contract as far as I am concerned as of April 24, 1947." On April 30, 1947 the vendor conveyed the land to DeVries and wife by deed recorded May 1, 1947. This refusal of the vendor to convey the land to the purchaser and his conveyance of the land to another dispensed with the necessity for a tender of the unpaid consideration. Boekelheide v. Snyder, 71 S. D. 470, 26 N. W.2d 74. SDC 47.0110.

Appellants also contend that the evidence is insufficient to show that Reeves was at all times ready, able and willing to perform his contract with Rosencrance. In his cross-claim for specific performance Reeves alleges that he "has duly and fully performed all things that may be required of his under the terms of said contract, but hereby tenders performance of any things which may be found unperformed in the trial of this action." He testified at the trial that he

was still ready, able and willing to pay the balance of the purchase price upon the tender of a warranty deed. Reeves did prepare a deed for the conveyance of the land to Denkman and sent it to Rosencrance on April 16, 1947 for execution. Appellants are correct in their contention that Rosencrance was not obligated by his contract to convey the land to Denkman, and that he was justified in refusing to sign the deed submitted to him on that account. However, Denkman would eventually obtain title to the land by virtue of the performance of the three contracts and for Reeves to propose the accomplishment of this fact by a conveyance from Rosencrance to Denkman does not establish the unwillingness of Reeves to perform his part of the contract with Rosencrance, nor an abandonment of his right to a conveyance to himself according to the terms of that contract.

Appellants assign as error the finding that Henry DeVries and Isabel DeVries had notice of the existence of all three contracts at the time the land was conveyed to them by Rosencrance. Appellants concede that both Henry DeVries and Isabel DeVries were informed of the execution of the contract of sale by Rosencrance to Reeves before they accepted the conveyance from Rosencrance. Whether they had notice of the other two contracts is immaterial.

Finding no error in the record, the judgment is affirmed. All the Judges concur.