SHANNON, Chief Judge.
This is an appeal by the defendants below from a final decree in a suit for the specific performance of an alleged oral contract for the sale of a business
The complaint filed by the plaintiffs below alleged that the parties herein entered into an oral contract for sale whereby the defendants agreed to sell their fish bait business to the plaintiffs at a total price of $7500. The terms were alleged to be $300 down and the balance payable at the rate of $100 per month, plus interest at six per cent. It was further alleged that the plaintiffs had paid the $300, plus $25, which represented cash on hand. The answer amounted to a general denial and the defendants counterclaimed in ejectment because the plaintiffs had been let into possession of the premises.
After having heard considerable testimony, most of which was in sharp conflict, the chancellor entered his final decree, the substance of which is:
“ * * * the Court finding that the deal between these parties was characterized by sufficient clarity and certainty in essential particulars of subject matter, parties and total aggregate consideration, it is hereupon
“CONSIDERED, ORDERED AND ADJUDGED:
“1. If the plaintiff on or before November 10th, 1960 shall pay to the defendant the total purchase price as disclosed by the testimony of both parties, together with accrued interest properly computed, the deal will be ordered closed. On the other hand, if the plaintiff fails to make such entire payment, the cause will be set down for a further hearing to determine the form and content of a decree granting alternative relief to the defendant. In the event of the consummation of the deal by the plaintiff, the cause will he dismissed with each party hearing his own costs and expense of transcription of testimony divided equally between them.”
 We have carefully considered the entire record in this cause and hold the quantum of evidence sufficient to support the chancellor’s finding establishing the contract. In the case of Tyler v. Tyler, Fla. App.1959, 108 So.2d 312, we pointed out that “it is well settled in this state that where the evidence is conflicting and there is substantial evidence to support the chancellor’s findings, the decree will not be set aside on appeal unless the plaintiff makes it clearly appear that substantial error was committed by the chancellor or that the evidence shows that his decree is erroneous.”
The decree in the instant case is erroneous only in that it provides for a different means for payment of the balance of *655 purchase price than that contracted for by the parties. The terms of the contract provided that the $7200 balance should be paid at the rate of $100 per month, plus six per cent interest. The final decree should have, and could only have, provided for such payment because the court of equity will not make a new or different contract for the parties. Giehler v. Ward, Fla.1955, 77 So.2d 452; 29 Fla.Jur., Specific Performance, Sec. 135.
That portion of the final decree quoted above providing for the method of payment of the balance of the purchase price is reversed and remanded for the entry of an order providing that the plaintiffs shall pay to the defendants the total of all monthly payments which have accrued during the pendency of this litigation, and the balance of the total purchase price then remaining at the rate of $100 per month plus interest at six per cent. In all other respects the final decree is affirmed.
Affirmed in part and reversed in part.
KANNER and SMITH, JJ., concur.