307 So.2d 470 (1975)
Irvin JACKSON and Emile Jackson, His Wife, Appellants,
v.
Wilson L. HOLMES and Louise O. Holmes, His Wife, Appellees.
No. 74-162.
District Court of Appeal of Florida, Second District.
February 5, 1975.
Rehearing Denied February 26, 1975.
Frank McClung, Brooksville, for appellants.
Joseph E. Johnston, Jr., Brooksville, for appellees.
*471 GRIMES, Judge.
On November 8, 1972, appellees (buyers) and appellants (sellers) entered into a contract for the sale of a 42-acre tract of land upon which the sellers lived. The form of the contract was the standard printed form of the National Association of Real Estate Boards which provided that if the buyers failed "to perform the contract within the time herein specified, time being of the essence of the agreement," the deposit would be disposed of as specified therein. In order to have enough money to pay the purchase price in cash, it was understood that prior to closing the buyers would need to obtain a loan secured by a mortgage on the property. Among several written interline-actions in the contract were the words "seller to be furnished bank loan certification on or before November 24th." The contract further specified that the sale should take place "on or before 90 days."
While the contract said nothing about it, the buyers knew that in order to have access to the property it was necessary to cross the right-of-way of the Seaboard Coast Line. At the time the contract was signed the sellers showed the buyers a letter from Seaboard consenting to the construction of a private crossing at a cost of $832.
Upon the execution of the contract, the buyers immediately applied for a loan at First Federal Savings & Loan Association of Pasco County. Because of the question of access, the loan certification was not forthcoming by November 24, 1972. The following day the seller, Mr. Jackson, advised his broker that due to the failure to receive the loan certification he considered the contract cancelled. He added that he had now secured another purchaser who was willing to pay a higher price. On November 28, 1972, sellers' lawyer wrote to the buyers stating that if the bank loan certification was not furnished by December 1, 1972 the contract would be cancelled and the deposit returned. On December 12, 1972, the buyers' lawyers sent Seaboard a check for $832 to construct the railroad crossing. The buyers' loan application was approved on December 14, 1972 and the certificate thereon was issued on December 20, 1972. Upon refusal of the sellers to proceed with the closing, the buyers brought suit for specific performance.
Following the taking of testimony, the court entered a judgment of specific performance. In the judgment, the court made the following findings:
4. The Defendant, Irvin Jackson, admitted in his testimony that the sole purpose of the item "Seller to be furnished Bank Loan Certification on or before November 24," was only to assure Defendants that Plaintiffs had the ability to close the transaction within the time provided within the contract, to-wit: February 2, 1973, and that proof of such ability was available to Defendant prior to time fixed in the agreement and there was no need for Defendant to have any more information than existed and which was available.
5. There was no injury to the Defendants in failing to have the technical loan certification on the date specified and no hardship of any type resulted therefrom to the Defendants.
On appeal, the sellers argue that where a contract contains a "time is of the essence" provision, this provision is entitled the same treatment in equity as it is in law. To that extent, we agree, absent the existence of a waiver or recognized equitable grounds such as fraud. Realty Securities Corp. v. Johnson, 1927, 93 Fla. 46, 111 So. 532. However, where the failure to perform is not substantial, the non-performing party should not be deprived of his rights unless it appears from the contract that this was clearly contemplated by the parties. Thus, 3A Corbin on Contracts, Section 715 states:
§ 715. Express Provisions Declaring that "Time is of the Essence"
Time may be made of the essence by an express provision to that effect; *472 there is no limit in this respect upon our freedom of contract, as long as no part performance has taken place... .
It is not desirable to try to achieve this result by merely putting into the contract the words "time is of the essence of this contract." Such a provision may be effective for the purpose, because the context may make clear what the intention is and what the expression means. What the court must know, in order to give effect to such a cryptic provision, is: What performance at what time is a condition of which party's duty to do what? ...
* * * * * *
A contract may have in it many promises for sundry performance, varying in amount and importance. A general provision that "time is of the essence" should not be held to be applicable to all of them alike, especially in the case of installment payments for which interest is provided in case of nonpayment. Such an often repeated provision as this may be inserted in a contract without any realization of its significance; and other terms contained in the agreement, interpreted in the light of the conduct of the parties, may show that it should be given no legal effect.
In short, a "time is of the essence" provision will be given effect in an equitable proceeding provided it is shown to be clearly applicable to the contract requirement against which it is sought to be applied. In the instant case, the clause providing that "time being of the essence of this agreement" was part of a printed form and contained within a paragraph which related to the ultimate closing of the purchase rather than the furnishing of a bank loan certification. Even though the sellers suggested that one reason they wanted to be furnished a loan certification at an early date was so they could proceed with assurance to purchase a new home, we cannot say that the court erred in refusing to strictly apply this provision against the failure to furnish the certification on time. cf. Lance v. Martinez-Arango, Fla.App.3d, 1971, 251 So.2d 707.
The evidence, as a whole, is sufficient to support a judgment of specific performance. Nevertheless, the sellers have a point which requires a modification in one particular. The judgment orders the sellers to furnish a deed to the buyers and directs the buyers to deliver the purchase price within fifteen days thereafter. Presumably, this provision was inserted with a view toward permitting the buyers to use the deed as a basis for completing the loan necessary to raise the funds to pay for the property. Yet, the effect of such a provision was to impermissibly rewrite the agreement of the parties. Cramer v. Pringle, Fla.App.2d, 1962, 136 So.2d 653. The contract contemplates the exchange of a deed for the cash and there is no reason why the sale cannot be accomplished in this manner through the vehicle of an escrow agreement.
The judgment is affirmed, except to the extent that the payment of the purchase price shall take place simultaneously with the tender of the deed.
BOARDMAN, J., concurs.
McNULTY, C.J., dissents with opinion.
McNULTY, Chief Judge (dissenting):
I must respectfully dissent. In my view the critical provision relating to the "bank loan certification" was a material provision of the contract, one which the sellers had a right to insist upon and upon which they had a right to rely.