**Carrie ELLS, Plaintiff and Respondent,**

v.

**Mabel ELLS, Defendant and Appellant.**

**No. 11749.**

Supreme Court of South Dakota.

Sept. 15, 1976.

Lee A. Tappe, Platte, for plaintiff and respondent.

Owen R. Wipf, Wagner, argued the cause. With him on the brief was Acie W. Matthews, of Willy, Pruitt, Matthews & Jorgensen, Sioux Falls, for defendant and appellant.

WOLLMAN, Justice.

Edwin and Carrie Ells, an elderly couple residing in Platte, South Dakota, began experiencing financial problems in the spring of 1970. Their income consisted of some $78 per month in social security payments and rental income of approximately $300 per year from 80 acres of farm land that they owned. On March 27, 1970, the Ells had a meeting at their home with their four children to discuss their financial difficulties. After some discussion Herschel Ells, one of the sons, agreed that he would pay the taxes, special assessments and insurance on the property and would advance money to his parents as needed. It was agreed that Edwin and Carrie would deed the city and farm property to Herschel and that they would continue to collect the rent from the farm property and continue to live in the residence in Platte during their lifetimes. Upon the death of the survivor the property was to be sold, with Herschel to be reimbursed for all amounts advanced by him, together with 5½% interest on the money so advanced, with the balance of the proceeds of the sale of the real property to be distributed in equal shares to the four children.

On March 28, 1970, Edwin and Carrie executed warranty deeds conveying the city and farm property to Herschel and his wife, Mabel, (appellant herein).* After the deeds had been signed Herschel Ells asked his attorney to prepare a written instrument setting forth the terms of the agreement that had been reached at the March 27, 1970, family conference. The attorney did so after advising Herschel that the arrangement that had been agreed upon was not the proper way to handle the matter. Notwithstanding this advice, Herschel presented the written agreement to his parents and they signed it on April 2, 1970. Herschel recorded the deeds on that date but apparently never signed the agreement himself.

Edwin Ells died on December 25, 1970. On March 17, 1971, Herschel stopped to visit

* Although the deed to the 80-acre farm tract was apparently received as an exhibit at the trial, it did not find its way into the settled record.

his mother at her home in Platte. After some discussion concerning the outstanding curb and gutter assessment against the city property, Carrie Ells remarked that she would like to go to Wisconsin to visit some sick relatives but did not feel as though she could afford to make the trip. Herschel replied that he would give her the money to make the trip, and later said, "I will buy the farm if I have to." Apparently Herschel offered to pay $90 per acre for the 80-acre tract. He then wrote out a check payable to Carrie in the amount of $500 bearing the notation, "payment on land." Carrie Ells cashed the check on the morning of March 19, 1971. Herschel Ells died sometime that day. Up to the time of his death he had advanced approximately $1200 to pay taxes, special assessments and insurance on the property.

Prior to Herschel's death the tenant who was farming the 80-acre tract had paid the rent to Edwin and Carrie. The tenant testified that sometime in 1971 ("about income tax time") he had asked Herschel what was going to happen, to which Herschel replied that "* * * he was in the process of probably buying the land." The tenant paid all rent to appellant after Herschel's death.

Both the city property and the 80-acre tract were listed as assets in Herschel's estate. Although appellant conveyed the city property back to Carrie, she contended that Herschel had entered into a contract to purchase the 80 acres. Carrie brought this action to set aside the deed and appellant counterclaimed for specific performance of the oral contract.

The trial court found that no written agreement had been entered into between Herschel and Carrie and that the two had never agreed upon the terms of the contract. The court concluded that Herschel and appellant held the 80 acres in trust for the benefit of Edwin and Carrie's four children and that appellant had refused to abide by the terms of the trust agreement. The court entered judgment terminating the trust agreement and canceling the deed

from Edwin and Carrie to Herschel and appellant.

■ Appellant does not contend that the conveyance of the land by Edwin and Carrie pursuant to the agreement entered into at the March 27, 1970, family conference did not constitute a trust. Her principal contention on appeal is that a valid oral agreement existed between Carrie and Herschel and that the payment of a portion of the purchase price by Herschel, the collection of rent and the payment of taxes by appellant, and the taking of possession of the property by Herschel and appellant constituted sufficient part performance to take the contract out of the statute of frauds, SDCL 53-8-2(3). We conclude, however, that this contention must fail, for even if we assume that the contract terms were sufficiently agreed upon by Carrie and Herschel, the only performance by Herschel was the payment of a portion of the purchase price, an act that has long been held insufficient to take a contract out of the operation of the statute of frauds. See, e. g., *Boekelheide v. Snyder*, 71 S.D. 470, 26 N.W.2d 74.

■ Appellant's contention that Carrie is estopped from raising the statute of frauds as a defense to appellant's counterclaim for specific performance is untenable. True, appellant collected the rent from and paid the taxes on the land after Herschel's death, but this fact alone does not satisfy the elements of proof necessary to invoke the doctrine of equitable estoppel. See, e. g., *Federal Land Bank of Omaha v. Matson*, 68 S.D. 538, 5 N.W.2d 314. Again assuming that the terms of the contract were fully and completely agreed upon by Carrie and Herschel, appellant did not change her position in reliance on the contract in such a manner that to enforce the statute of frauds will subject her to unconscionable hardship and loss. The trial court's judgment provides for an adjustment of accounts between Carrie and appellant; appellant will be reimbursed, with interest, for the advancements made with respect to the land. When viewed in the light of the circumstances resulting from Herschel's un-

 

timely death, the fact that Carrie, an elderly widow who had had no extensive experience in matters of this nature, did not make an immediate demand upon her recently widowed daughter-in-law for a return of the land or for the payment of the rental income is perfectly understandable and should not be construed as an act which should now be considered as estopping her from raising the defense of the statute of frauds.

We have considered appellant's other assignments of error and find them to be without merit.

The judgment is affirmed.

DUNN, C. J., and WINANS and COLER, JJ., concur.

ZASTROW, J., not having been a member of the Court at the time this case was orally argued, did not participate.