W. Gordon PEDERSON and Joyce Pederson, Plaintiffs and Appellees,

v.

Robert P. McGUIRE, Defendant,

and

Sioux Sound Co., Defendant and Appellant.

No. 13861.

Supreme Court of South Dakota.

Argued March 23, 1983.

Decided May 4, 1983.

David V. Vrooman, Sioux Falls, for plaintiffs and appellees.

Richard W. Sabers of Dana, Golden, Moore & Rasmussen, Sioux Falls, for defendant and appellant.

HENDERSON, Justice.

## PROCEDURAL HISTORY

Appellees W. Gordon and Joyce Pederson originated this action for specific performance of a real estate purchase agreement against Robert P. McGuire. Mr. McGuire, who was not a party to the agreement, motioned for and received summary judgment in his favor. Appellees issued an amended complaint against appellant Sioux Sound Co. Appellant answered and counterclaimed setting forth alleged title defects in the subject real estate and that appellees defrauded appellant. Appellees denied liability on the counterclaim.

A court trial ensued, and on February 25, 1982, the trial court issued a memorandum decision denying specific performance. On February 26, 1982, appellees filed a motion for reconsideration and appellant resisted the motion. After a hearing, on March 24, 1982, the trial court issued a reconsideration opinion requiring specific performance. Findings of fact, conclusions of law, and judgment in favor of appellees were entered on June 9, 1982. Notice of appeal to this Court was filed on July 8, 1982. Thereafter, on August 27, 1982, appellees filed a motion for the court to take judicial notice and modify the record on appeal as appellees desired to include as part of the record an agreement to cancel any title defect. Appellant objected without success, and on August 27, 1982, the trial court entered an order allowing into the record the agreement to cancel. We affirm.

## FACTS

This action revolves around a tract of commercial property and a building known as Cargill Tract # 1 in the Northeast Quarter (NE ¼) of Section Sixteen (16), Township One Hundred One (101) North, Range Forty-nine (49) West, Minnehaha County, South Dakota, also known as 707 Weber Avenue, Sioux Falls, South Dakota (Cargill Tract # 1).

On August 26, 1946, the City of Sioux Falls, South Dakota, by ordinance, granted to the Chicago and Northwestern Transportation Company (the Railroad) an irrevocable easement for a railway right-of-way on Weber Avenue which is contiguous with Cargill Tract # 1. The sole method of ingress and egress to Cargill Tract # 1 is over the Railroad easement. Railroad traffic on the easement ceased in 1975. Appellees Pedersons acquired Cargill Tract # 1 in 1978 and negotiated an agreement with the Railroad granting a license to install a private roadway crossing over the easement. Numerous conditions upon appellees and their successors in interest were contained in the license, including the ability of the Railroad to cancel the license on 30 days' notice. The agreement was filed on public record with the Minnehaha County

Register of Deeds on February 17, 1978. A major portion of the railroad track was removed in 1980.

On February 23, 1981, appellant Sioux Sound Co. executed a real estate purchase agreement for Cargill Tract # 1. Closing was set for May 1, 1981, with appellees to place appellant in possession on closing. Appellees were required to furnish title insurance showing good and merchantable title on closing. Additionally, appellees were to provide a warranty deed upon full payment of the purchase price which was not due at closing. The agreement provided: "TIME is the essence of this contract."

Appellant's attorney discovered the 1946 easement and 1978 license when he reviewed the title insurance policy during April of 1981. Although appellees never mentioned the 1978 license to appellant or the realtor, appellant's president, Mr. McGuire had previously visited Cargill Tract # 1 several times and had observed a portion of railroad track in the parking area of the tract. On May 7, 1981, appellant notified the realtor that because of the 1978 license, closing was cancelled and appellant was cancelling the purchase agreement. Appellees proposed to amend the 1978 license to remove the 30-day cancellation clause and reduce the insurance requirements. Appellant responded in a May 15, 1981 letter to the realtor that appellees' proposals were unacceptable.

On June 10, 1981, appellees offered to have the 1978 license terminated, and on August 19, 1981, appellees filed with the Register of Deeds an addendum to the 1978 license which granted a permanent roadway crossing. Appellees' measures did not satisfy appellant and a trial ensued. The trial court's reconsideration opinion required appellees, at their own expense, to terminate the Railroad's interest in the easement. On July 23, 1982, appellees filed with the Register of Deeds an agreement to cancel the right of the Railroad in the easement.

## ISSUES

### I.

DID THE TRIAL COURT ERR IN REQUIRING SPECIFIC PERFORMANCE OF THE REAL ESTATE PURCHASE AGREEMENT? WE HOLD THAT IT DID NOT.

### II.

DID APPELLEES DEFRAUD APPELLANT IN FAILING TO DISCLOSE THE 1978 LICENSE WHICH WAS OF PUBLIC RECORD? WE HOLD THAT THEY DID NOT.

## DECISION

### I.

Appellant was to purchase Cargill Tract # 1 for $135,000.00. Payment terms called for: (1) $1,000.00 in earnest money at the signing of the agreement; (2) $29,000.00 cash on closing; (3) a $42,000.00 first mortgage to be obtained from First Service Mortgage Corporation with no specified date for payment of proceeds to appellees; and (4) the balance of the purchase price, approximately $63,000.00, to be carried by appellees as a second mortgage.

Appellees agreed to "execute and deliver a good and sufficient Warranty Deed upon payment of the full purchase price called for herein." Undoubtedly, by the terms of the agreement, appellees' obligation to deliver a warranty deed was tied to the ambiguous date for disbursement of the first mortgage proceeds. Therefore, although the purchase agreement explicitly stated that time was of the essence, the performance of its critical obligations, tender of deed, and payment of the full purchase price were indefinite.

SDCL 53–10–3 provides: "Time is never considered as of the essence of the contract, unless by its terms expressly so provided." A determination whether or not time is of the essence depends upon the intention of the parties and the purpose of the contract, rather than printed contract clauses claiming time to be of the essence. *Farmers Coop. Ass'n v. Dobitz*, 90 S.D. 298,

240 N.W.2d 116 (1976); *Phillis v. Gross,* 32 S.D. 438, 143 N.W. 373 (1913)[1]; *W. Town Site Co. v. Lamro Town Site Co.,* 31 S.D. 47, 139 N.W. 777 (1913).[2] *See also, Jackson v. Holmes,* 307 So.2d 470 (Fla.App.1975). In *Boekelheide v. Snyder,* 71 S.D. 470, 475, 26 N.W.2d 74, 76 (1947), we held that when a real estate contract fails to set a time for full payment, we will imply that payment is to be made within a reasonable time. Since the terms of parties' contract were indefinite as to when tender of deed and full payment were to occur, we are unable to hold that time was of the essence as regards tender and full payment. The import of this holding is that appellees had a reasonable time to cure any title defects.

■ Specific performance is an equitable remedy addressed to the sound discretion of the trial court, to be granted or denied according to the facts and circumstances in each case. *Dolan v. Hudson,* 83 S.D. 144, 156 N.W.2d 78 (1968), *aff'd on rehearing,* 83 S.D. 331, 159 N.W.2d 128 (1968); *Renner v. Crisman,* 80 S.D. 532, 127 N.W.2d 717 (1964). SDCL 21–9–6 provides: "An agreement for the sale of property cannot be specifically enforced in favor of a seller who cannot give to the buyer a title free from reasonable doubt." In *Dolan,* we interpreted the predecessor of SDCL 21–9–6, which is identical, and held: "This refers to the condition of title at the time fixed for performance . . . ." *Dolan,* 83 S.D. at 155, 156 N.W.2d at 84.

Terms of the purchase agreement did require that on closing appellees were to place appellant in possession of Cargill Tract # 1 and furnish title insurance covering a good and merchantable title of record, "free and clear of all encumbrances unless otherwise agreed to herein." The title insurance company excepted the 1978 license from its coverage. However, earlier language of the purchase agreement made the sale subject to "Conditions, Restrictions and Easements of record, if any . . . ." Therefore, by the very terms of the purchase agreement, appellant agreed to purchase Cargill Tract # 1 subject to the easement and 1978 license, as both were of public record when the purchase agreement was signed.

■ Ample evidence further exists in the record of appellees' diligent efforts, and eventual success, in clearing the title of Cargill Tract # 1 within a reasonable time. A contract vendee may not rescind as long as the vendor is sincerely acting to perform his duty to perfect the title. *Munderloh v. Seastrom,* 270 N.W.2d 377 (S.D.1978); *Larson v. Thomas,* 51 S.D. 564, 215 N.W. 927 (1927). Here, appellees did cancel the easement in its entirety. Any claimed defect was cured. The reconsideration opinion and judgment of the trial court are affirmed upon this issue.

## II.

■ Appellant claims that appellees' failure to disclose the 1946 easement and 1978 license constituted fraud. SDCL 22–30A–2 provides: "Any person who transfers property of another, or any interest therein, with intent to benefit himself or another not entitled thereto, is guilty of theft." And SDCL 22–30A–3 provides in part:

Any person who obtains property of another by deception is guilty of theft. A person deceives if with intent to defraud he:

\* \* \* \* \* \*

(4) Fails to disclose a known lien, adverse claim or other legal impediment to the enjoyment of property which he transfers or encumbers in consideration for property he obtains, whether such

---

1. In *Phillis,* the printed contract form provided that time was of the essence, and the parties added that all overdue sums of money would draw interest. We responded by holding time was not of the essence due to the intention of the parties.

2. In *W. Town Site,* 31 S.D. at 57, 139 N.W. at 779, we held:

It is a question of construction, and, unless it plainly appears that the object and purpose of the contract depends upon its being performed by a given date, time will never be construed to be of the essence of the contract.

impediment is or is not valid, or is or is not a matter of official record.

The term "deceive" does not, however, include falsity as to matters having no pecuniary significance, or puffing by statements unlikely to deceive reasonable persons.

Although appellees' behavior would arguably fall within SDCL 22–30A–3(4), the record below is devoid of any evidence establishing appellees acted with an "intent to defraud." Appellees' 1978 license was of record, the railroad tracks were clearly visible at all times, and appellant's president, Mr. McGuire, observed the railroad tracks on the property.

Affirmed.

FOSHEIM, C.J., and WOLLMAN and DUNN, JJ., concur.

MORGAN, J., concurs in result.

MORGAN, Justice (concurring in result).

I concur in the result. The ambiguity on time of delivery of the warranty deed renders the specific provision, "time is of the essence," nugatory. The appellees at all times showed themselves amenable to clearing up any objections by the appellant and did in fact do so.

I leave the author when he suggests that a buyer can be stuck with "a pig in a poke" when the purchase agreement, which is signed before any title search is made, makes the sale subject to "conditions, restrictions, and easements of record, if any .... " This position is antipodal to the language requiring appellant to furnish title insurance covering a good and merchantable title of record, "free and clear of all encumbrances unless otherwise agreed to herein." "Encumbrance" includes an easement or right-of-way. Black's Law Dictionary Revised 4th ed., page 908.