**Chester I. QUICK**

v.

**BAKKE, KOPP, BALLOU & McFAR-LIN, INC., Consulting Engineers**

No. 14825.

Supreme Court of South Dakota.

Considered on Briefs Nov. 20, 1985.

Decided Jan. 22, 1986.

Frank P. Gibbs of Simons, Gibbs, Feyder & Myers, Sioux Falls, for plaintiff and appellant.

Michael Luce of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and appellee.

WUEST, Justice.

This is an appeal from a judgment for defendant in an action for breach of contract. We reverse.

In June 1980, Chester I. Quick (appellant), a self-employed consulting engineer in Sioux Falls, South Dakota, entered into an employment agreement with Bakke, Kopp, Ballou & McFarlin, Inc. (Bakke), a Minneapolis based engineering firm. Under this agreement, appellant merged his practice with Bakke and received an annual salary of $30,000, as well as a share in the profits or losses of the Sioux Falls office. The agreement contains no restrictions prohibiting appellant from terminating his employment, upon proper notice, and competing with Bakke in the Sioux Falls area.

In October 1981, after the Sioux Falls office had operated at a deficit for over a year, the parties entered into negotiations whereby Bakke would buy out appellant's business, while retaining appellant as an employee under the terms of the June 1980 agreement. The parties arrived at a contract for the sale of the business on February 8, 1982. By this contract, Bakke agreed to pay appellant $30,000 for his business, $1,500 was attributed to tangible property and $28,500 was related to appellant's goodwill. The main portion of this contract was prepared by appellant's accountant. An addendum to the contract also exists. The addendum was prepared by Bakke in its office, and states:

It is agreed that if Chester I. Quick terminates his employment with Buyer, that he will not compete with Buyer as a Structural Engineer within the City of Sioux Falls until October 1, 1985.

If Chester I. Quick terminates his employment with Buyer and does compete with Buyer prior to October 1, 1985, then any payments due Chester I. Quick from the date competition is determined shall be null and void.

The financial situation of the Sioux Falls office did not improve and, in early April 1982, appellant was notified by Bakke that his employment was terminated as of May 31, 1982. Appellant ceased working for Bakke on April 16, 1982, but received wages through May 31, 1982. In June 1982, despite representations to Bakke that he was writing computer programs, appellant began working as a consulting engineer from his home in Sioux Falls. Bakke learned of appellant's competition and ceased payments under the purchase agreement on November 3, 1982. By this date, payments of $12,240 had been made under the contract.

Appellant brought an action in Minnehaha County Circuit Court to recover $17,760, plus interest and costs, for the balance due on the purchase contract. The matter was tried before the court on October 2, 1984, and on October 15, 1984, the trial court issued a decision finding for Bakke. Appellant contends the addendum to the purchase agreement was plain and unambiguous and the trial court should not have permitted parol evidence to vary it. Appellant argues that in plain and unambiguous language, which reads: "If Chester I. Quick terminates his employment," the addendum requires that he resign rather than be terminated by Bakke, in order to make the purchase agreement null and void. We agree.

In its memorandum opinion, the trial court determined that the June 1980 employment agreement and the February 1982 purchase agreement must be construed together, apparently to effect the true intentions of the parties. The purchase contract, however, is to the contrary, providing:

This contract supersedes any prior contemporaneous representations, agreements and understandings, whether oral or written, relating to the subject matter hereof. The contract constitutes and includes the entire and formal agreement between the parties hereto and is interpreted by them to be the complete and conclusive statement of all of the terms, conditions, obligations, and warranties of the contract, and cannot be modified or amended except in writing by duly authorized persons of both parties.

A written agreement supersedes all previous understandings and the intent of the parties must be ascertained therefrom, except, of course, in cases involving fraud, mistake or ambiguity. *See, e.g., Carr v. Benike, Inc.,* 365 N.W.2d 4 (S.D.1985); *Kuhfeld v. Kuhfeld,* 292 N.W.2d 312 (S.D. 1980); *Kindley v. Williams,* 76 S.D. 225, 76 N.W.2d 227 (1956); *Vaughn v. Rosencrance,* 73 S.D. 36, 38 N.W.2d 822 (1949). *Also,* SDCL 53–8–5 provides:

> The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument.

"A writing is ambiguous when it is reasonably capable of being understood in more than one sense." *Carr, supra,* 365 N.W.2d at 6; *see also Tinaglia v. Ittzes,* 257 N.W.2d 724 (S.D.1977); *City of Newton v. Erickson,* 73 S.D. 228, 41 N.W.2d 545 (1950). We believe that the language in the addendum to the instant contract is patently clear and addresses only the consequence of appellant's resignation, not his termination by Bakke. While the trial court interpreted the addendum to effectuate what it perceived as the meaning of the agreements when construed together, we believe that speculation should not be used to alter the unequivocal language of the agreement.

Accordingly, we reverse.

FOSHEIM, C.J., MORGAN and HENDERSON, JJ., and HERTZ, Circuit Judge, acting as a Supreme Court Justice, concur.